## CURTIS vs. DEERING.

A grantee may be *evicted* though he has never been in the actual occupation of the land.

If one enter upon land, having a lawful title, and hold adversely to another grantee of the same land, it is equivalent to an *eviction*, so that the latter may maintain an action against his grantor upon the covenant of warranty.

Where two claim title under the same grantor, the one whose deed was *first recorded*, though executed subsequently to the deed of the other, is to be regarded as having the *elder* as well as better title.

A. conveyed to B. in fee and in mortgage with covenants of warranty, and afterward conveyed the same land to C. without excepting the mortgage. The latter, procuring his deed to be first recorded, held the land. *Held*, that A. was liable to B. on the covenant of warranty, and that the measure of damages was the amount due on the mortgage.

THIS was an action of covenant broken, and was submitted for the decision of the Court upon the following statement of facts, which was agreed by the parties.

On the 8th of *March*, 1830, the defendant being seised in his own demesne as of fee, of a certain lot of land, conveyed the the same by deed of that date to the plaintiff, in fee and in mortgage, to secure the payment of certain notes of hand, the deed containing the usual covenants of seisin and warranty. The plaintiff did not enter under his mortgage, nor did he put his deed upon record until *October* 23, 1833.

On the 26*th* of *September*, 1832, the defendant, by his deed of that date, conveyed the premises to one *Isaac Deering, Jr.* who entered into the possession thereof and caused his deed to be duly recorded, *March* 28, 1833 ; and on the 16th of *October*, 1833, he conveyed one half to *John Hall*, and the other half to *Samuel Young*, who entered under their deeds and have ever since occupied the premises, claiming adversely to the plaintiff and every body else. And it was agreed that said *Hall and Young* had no knowledge of the prior conveyance to the plaintiff when they received their deeds from *Deering, Jr.*

The action was upon the covenant of warranty in the defendant's deed of the 8th of *March*, 1830 ; and if the Court should be of opinion that it was maintainable, it was agreed, that judgment should be rendered for such sum as in the opinion of the Court the plaintiff was legally entitled to recover. Otherwise, judgment was to be rendered for the defendant for his costs.

*Johnson,* for the plaintiff, cited 4 *Dane's Abr.* 362 ; *Sprague* v. *Baker,* 17 *Mass.* 586 ; *Hamilton* v. *Cutts & als.* 4 *Mass.* 349 ; *Higby* v. *Rice,* 5 *Mass.* 352 ; *Jackson* v. *Howe,* 14 *Johns.* 406 ; 13 *East* 72 ; 3 *Saund. Rep.* 448 ; 4 *Dane's Abr.* 362 ; *Hurd* v. *Fletcher, Doug. Rep.* 43 ; 2 *Saund. Rep.* 181 ; 3 *Cruise on Real Estate,* 34.

*W. G. Crosby,* for the defendant. 1. No action lies until eviction by title paramount. *Prescott* v. *Trueman,* 4 *Mass.* 631.

2. The plaintiff never having entered under his deed, could not be evicted. *Chapel* v. *Bull,* 17 *Mass.* 220.

3. The covenant to warrant and defend extends only to *elder* and *better* titles — to those then existing and not to those subsequently acquired. *Marston* v. *Hobbs,* 2 *Mass.* 438 ; *Emerson* v. *Minot,* 1 *Mass.* 463 ; *Cro. Jas.* 315 ; 2 *Saund.* 177, *n.* 10 ;

4. At the time the defendant conveyed by his last deed, he had an interest which he could convey. There was therefore no fraud done or intended by him. If the plaintiff suffers loss in the case, it will be in consequence of his own negligence in not putting his deed upon record.

WESTON C. J. — This is a case, in which the plaintiff declares upon a general covenant of warranty, made by the defend-

Curtis v. Deering.

ant, which is alleged to have been broken by him ; and whether this allegation is made out by the facts agreed, is the question submitted to our consideration.

It is contended that the plaintiff, having never entered into the land, could not be evicted, and cases are cited to show, that there must be an eviction by judgment of law or otherwise, or a voluntary surrender by the party, in whose favor the covenant was made, to a claim which could not be lawfully resisted, or a purchase and extinguishment of the paramount title. This doctrine is well sustained by the authorities relied upon ; and we are not disposed to question it. It is, however, our opinion, that the facts agreed, amount to an eviction. When the defendant conveyed to the plaintiff in fee and in mortgage, the legal seizin passed to the latter, to whom the former, retaining the possession, was thereafterwards in the eye of the law, but a tenant at will. If a stranger had entered upon the land, and committed a disseizin, the plaintiff could have maintained a writ of entry against him, counting upon his own seizin. And the grantees of *Isaac Deering, jr.* having by lawful title entered upon the land, and occupied it, claiming to hold it adverse to the plaintiff, and he, being without legal remedy against them, is evicted.

Another objection made is, that the plaintiff has not been evicted by elder title. This is generally laid down by the authorities as necessary to be averred and proved. In *Kirby* v. *Hansaker, Croke James,* 315, the only reason assigned is, that if the plaintiff aver that he was evicted by a party having a good or a better title, if it is not also alleged that he had an elder title, it might be that he derived it from the plaintiff himself, after the deed. A general covenant of warranty against all claims, has been limited by construction of law to lawful claims, because the law is a sufficient protection against wrongdoers. But all lawful claims, except such as are derived from the plaintiff, are within the terms, and should be within the operation of the covenant. There is no propriety in applying the rule, that there should be proof of elder title, to evictions founded upon the subsequent acts of the covenantor, which cannot be resisted. But in truth the claim of those who hold adversely to the plaintiff is, by construction of law the elder title. It is upon that ground only,

that it can be regarded better. As between them the title dates from the time of the registry. The plaintiff's, being later, is postponed, and their's, being earlier, has precedence.

It is lastly insisted, that the defendant, being the owner of the equity of redemption, and therefore having title to the land, except against the mortgagee, had a right to convey, and in so doing, has not broken his covenant. It would have been saved, if his conveyance had been made, subject to the rights of the mortgagee. Against him a conveyance in fee, without any saving, being made by his tenant at will, was a disseizin, at his election. His conveyance against the mortgagee was an unlawful act; although it might have been lawful, if it had not affected his interests. This results from the relations, which are sustained at law between him and the mortgagor. The deed thus unlawfully made by him, having occasioned an eviction, which the plaintiff cannot rightfully resist, is a breach of the defendant's covenant of warranty, upon which the plaintiff has declared. The damage sustained is the amount remaining due on the mortgage, for which, judgment is to be rendered for the plaintiff.