DAGGETT & a. v. AYER & a.

Equity does not reform a deed if the mistake sought to be corrected is not material to the rights of the parties.

A decree reforming a deed does not affect the rights of persons not parties to the suit.

BILL IN EQUITY, to reform a deed. January 6, 1863, Francis B. Ayer made and delivered to the plaintiffs a warranty deed of lot No. 1, on a certain plan of lots. At the time of making the deed Ayer pointed out to the plaintiffs lot No. 2, adjacent to lot 1, as the land he was selling and conveying to them. The plaintiffs paid the purchase-money, entered upon lot 2, and occupied it until 1869, when, following the description contained in Ayer's deed to them, they conveyed lot 1 with warranty to James Whitney, who entered upon and occupied lot 2 until his death in 1881. After his decease his son and heir at law occupied it until he was evicted by Locke in 1883 (*Locke* v. *Whitney*, 63 N. H. 597).

Ayer had no title to lot 2, and the only evidence that he was ever in possession of it was his pointing it out to the plaintiffs. He never had or claimed title to, and was never in possession of, lot 1, which at the time of his conveyance to the plaintiffs was and has ever since remained in the possession and actual occupation of the owner or of his tenants. The plaintiffs and Whitney were informed and first became aware that lot 1 instead of lot 2 was described in the deed, in 1871. They have never claimed any title to lot 1. The defendants are the widow and heir at law of Francis B. Ayer, and took property from his estate. In a proceeding to which neither F. B. Ayer nor the defendants were a party, the deed from the plaintiffs to Whitney was reformed so as to describe lot 2. The plaintiffs pray that Ayer's deed to them may be so reformed as to describe lot 2.

*E. S. & H. A. Cutter* and *W. W. Bailey*, for the plaintiffs.

*H. B. Atherton*, for the defendants.

CARPENTER, J. The plaintiffs ask that Ayer's deed conveying to them lot No. 1, to which he had no title, may be so reformed as to convey lot No. 2, to which he had no title. The correction is sought, not to establish a title to lot 1, but to give the plaintiffs a right of action on a covenant for title to lot 2 in place of their right of action on the covenant for title to lot 1, which has apparently become barred by the statute. The possession of lot 1 by the owner at the time Ayer's deed to the plaintiffs was delivered was equivalent to an eviction. The covenant was

broken as soon as it was made. Immediately upon the delivery of the deed a cause of action on the covenant of warranty accrued to the plaintiffs. *Duvall* v. *Craig*, 2 Wheat. 61, 62; *Noonan* v. *Lee*, 2 Black 507; *Curtis* v. *Deering*, 12 Me. 499; *Loomis* v. *Bedel*, 11 N. H. 74; *Drew* v. *Towle*, 30 N. H. 531; Raw. Cov. 151–158. They were entitled to recover in damages the purchase-money and interest from the date of the conveyance. *Moody* v. *Leavitt*, 2 N. H. 174; *Parker* v. *Brown*, 15 N. H. 178; *Willson* v. *Willson*, 25 N. H. 229; *Riddle* v. *Bowman*, 27 N. H. 243; *Drew* v. *Towle, supra; Nutting* v. *Herbert*, 35 N. H. 121.

A like cause of action accrued to Whitney on the plaintiffs' covenant of warranty immediately upon their conveyance of lot 1 to him in 1869. He could maintain no action in his own name against Ayer, because of the technical difficulty that Ayer's broken covenant was not assignable, and the plaintiffs' right of action thereon did not pass to him. He might perhaps (especially if his remedy against the plaintiffs was for any cause ineffective, as, if they were insolvent) maintain an action in the plaintiffs' name, but for his benefit, against Ayer. *Clark* v. *Swift*, 3 Met. 390, 395; Raw. Cov. 357, 358. Neither Whitney nor the plaintiffs were injured by the mistake in the deeds, and its correction would not benefit them. No reformation of either deed was necessary or desirable. Without it, both of them had a full and complete remedy for the wrong done to them by the breach of the covenants. Equity does not interpose to correct mistakes by which the rights or interests of the parties are not affected. *Barton* v. *Croydon*, 63 N. H. 417, 418; 1 Sto. Eq. Jur., s. 151.

No reformation of the deeds would now be necessary, or of any benefit to the plaintiffs or to Whitney, if the plaintiffs' right of action against Ayer on his covenant of warranty in the deed as it stands were not barred by the statute. With a full knowledge of the facts in 1871, the plaintiffs and Whitney slept on their rights for twelve years before the plaintiffs' cause of action against Ayer became barred by lapse of time. During all this period, if they had chosen to act, they might have obtained full satisfaction for the injury they suffered by the breach of the covenant of warranty. It may be a question whether equity will, in any case, reform a contract for the mere purpose of avoiding the effect of the statute of limitations, and if it will, whether it will do so under the circumstances disclosed,—whether it will reform a contract in order to give a party a remedy exactly equivalent to a remedy which he has lost by his own laches. If, in proper cases, it may do both, it is not made to appear that justice requires it to be done in this case.

A reformation of either deed alone will give neither to the plaintiffs nor to Whitney a right of action against the defendants. If Ayer's deed is made to convey lot 2, while the uncorrected deed to Whitney conveys lot 1, the plaintiffs will have no cause of

action, because they were not evicted from lot 2, and were not injured by Whitney's eviction. Whitney can maintain no action against the defendants, because lot 2 is not conveyed to him. He is a stranger to Ayer's title. For similar reasons, if the deed to Whitney is made to convey lot 2, while Ayer's deed to the plaintiffs conveys lot 1, neither Whitney nor the plaintiffs will have any cause of action against the defendants. By the correction of either deed alone the rights and liabilities of the defendants are not affected, nor those of the plaintiffs and Whitney, except as between themselves. Both deeds must be reformed so as to convey lot 2, in order to be of any benefit to the plaintiffs or to Whitney as against the defendants. The sole object of any correction is to make Whitney's eviction from lot 2, by Locke, in 1883, a breach of Ayer's covenant of warranty, instead of the plaintiff's eviction from lot 1, in 1863, upon which the right of action is barred by the statute. Upon the question whether the deed shall be reformed, all the parties interested are entitled to be heard. The defendants are not affected by the correction of the plaintiffs' deed to Whitney, because neither they nor their ancestor Ayer were parties to that proceeding. Whitney is not a party to this bill for the correction of Ayer's deed to the plaintiffs, and will not be affected by any judgment that may be rendered. As he is not bound by any decree in this suit, neither will the defendants be bound by it in any suit which he may bring against them.

The bill must be dismissed on both grounds,—(1) because it does not appear that justice requires the correction to be made, and (2) because a decree in this suit, reforming the deed, would be of no benefit to the plaintiffs.

*Bill dismissed.*

ALLEN, J., did not sit: the others concurred.