### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT ATLANTA,

### FEBRUARY TERM, 1856.

Present—JOSEPH H. LUMPKIN,
HENRY L. BENNING, } *Judges.*
CHAS. J. McDONALD.*

---

No. 88.—MARY FERNANDER, plaintiff in error, *vs.* ISHMAEL DUNN, adm'r, defendant.

[1.] If the vendee of land be evicted, he can recover only the value of the land, at the time of the purchase, with interest, for so long a time as he pays *mesne profits*, and the costs of the ejectment that may be brought against him.

In Equity, from Fayette Superior Court. Tried before Judge BULL, March Term, 1856.

This was a bill filed by Dunn, as administrator of John Sellars, deceased, against Mary Fernander, formerly Mary Palmer, and administratrix and sole heir of John Palmer, her

---

*NOTE—Judge McDONALD was forced, by indisposition, to be absent during the latter part of this term.—REPORTER.

former husband. The bill alleged, that in 1836, John Palmer made and delivered to Sellars, for a valuable consideration, to-wit: $250 00, a deed of warranty to lot of land 224, in then Lee, now Sumter County; that the number of the lot was left blank in said deed, but that said lot was the one meant and intended to be sold; that Sellars sold said land to one McLendon, and gave his bond for titles, which. bond passed by assignment to one McCrea; that said Palmer never took out the grant to said lot, whereby it reverted to the State.

In 1846, McCrea sued Sellars on said bond for titles. Pending the action Sellars died, and complainant, his administrator, was made a party to the suit.

In September, 1851, a judgment was rendered against him for $1.108, with costs, which he has paid; that Mrs. Fernander was notified of the pendency of this suit. The bill prayed that she be decreed to make good to complainant the amount of said verdict, with costs, charges and expenses of litigation.

The answer of Mrs. Fernander denied that Sellars paid anything for the land, but said the bargain was made in her presence, and that Sellars gave his note for Two Hundred and Fifty Dollars, agreeing, at the same time, to take out the grant for the land; that he afterwards, when Palmer was intoxicated, contrived to get the note out of his possession, and never returned it, though she had heard him admit having it and promise to return it; that Palmer had employed Sellars to go and sell the land for him, who returned and said the best offer he could get was two hundred dollars, and offered two hundred and fifty himself, which was agreed to, and the trade consummated as before stated; and the answer charged that Sellars had then contracted to sell the land for five hundred dollars, which he afterwards did. The answer denied any notice of the law-suit on the bond. The answer admitted that lot 224, was the lot intended to be conveyed in the deed.

On the trial, the complainant produced a copy of a written

notice of the suit of McCrea, and a demand to come forward and defend, which he made affidavit to having served on the defendant.

JAMES BLOODWORTH, a witness to the deed from Palmer to Sellars, testified that he understood from the parties, at the time that Sellars bought the land, because Palmer was in debt to him; heard nothing about the grant.

MALCOLM BETHUNE testified, that he heard Palmer and Sellars talking about the trade; that Palmer had given Sellars a power of attorney to sell it for him. Sellars said he could get $300 in sock for it, and would give $250 in cash, himself. Palmer agreed to take it, because he said he was owing Sellars. Palmer said he would get one of his relations to take out the grant, but he thought it was already taken out.

JEPTHA LANDRUM testified, that he had frequently heard defendant speak of the suit against Sellars, while it was pending, and say that she had been notified of it by the complainant.

The Jury found for complainant the sum of $672 30, with costs.

Whereupon, defendant moved for a new trial, on the following grounds:

1st. That the Court erred in charging the Jury, that when a defendant, in his answer, denies facts, the truth of which denial he could not know, though said answer should be responsive to the bill, it did not require two witnesses, or one witness and corroborating circumstances, to contradict him; there being no circumstances or facts in the bill and answer to justify such a charge.

2d. That the Court erred in charging the Jury, that if they believed that a debt was extinguished to that amount, in the sale of the land by Palmer to Sellars, that it would be sufficient consideration, there being no evidence of any particular debt, or any particular amount of indebtedness.

3d. That the Court erred in charging the Jury, that the description of the land could be supplied by parol proof; and

Fernander *vs.* Dunn, adm'r.

that it was not necessary to have the deed reformed to enable
the plaintiff to recover.

4th. That the Court erred in charging the Jury, that the
measure of damages was the purchase money, with interest
from the sale of the land ; the evidence being, that the les-
sor of the plaintiff enjoyed the possession of the land for sev-
eral years before the outstanding title accrued ; during which
time there was no liability for *mesne* profits.

5th. That the Jury found contrary to the charge of the
Court, the Court having charged them, that in order to con-
tradict the responsive answers of a defendant to a bill in
Chancery, there must be two witnesses, or one witness and
corroborating circumstances ; the answers of defendant be-
ing, that complainant's intestate had never paid one cent for
the land ; and that he agreed, in the original trade, to grant
said land.

6th. That the verdict of the Jury is contrary to evidence.

The Court refused a new trial; and on this decision error
is assigned.

D. F. HAMMOND, for plaintiff in error.

WHITAKER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

We affirm the judgment of the Court below, on all the
grounds taken in the motion for a new trial, except his
charge as to the measure of damages *in this case.* Usually,
it is the purchase money, with interest from the sale of the
land. But the proof here is, that Sellars, the intestate of
the complainant, and his assigns, enjoyed the possession of
the land for several years before the paramount outstanding
title accrued, viz : before the lot was granted by the State:
During this time, there was no liability for *mesne profits;*
and consequently, no interest on the purchase money should

be computed during this period. (9 *Johns. Rep.* 324; 12 *Ib.* 125; 13 *Ib.* 20; 3 *Caine's Rep.* 111; 17 *Ga. Rep.* 602.)