W. R. D. PHIPPS, Plaintiff in Error, v. COLIN S. TARPLEY, Defendant in Error.

1. VENDOR AND VENDEE : BREACH OF WARRANTY OF TITLE : DAMAGES.—The criterion of damages, which the vendee may recover from the vendor, for a breach of a general covenant of warranty of title to land, is the actual price paid, and not, the value of the land at the trial, or when suit was instituted.
2. Whether a partial failure of consideration, arising from a breach of the covenant of warranty of title as to part of the land only, can be set up to an action; by the vendor against the vendee, for the purchase-money—*Quære ?* The safer rule is to leave the vendee to his action on the covenant.

IN error to the Circuit Court of Yazoo county. Hon. E. G. Henry, judge.

*George B. Wilkinson,* for plaintiff in error,

Cited Sedgwick on Damages, 431–462; Rawle on Covenants, 480–568.

*Gibbs* and *Bowman,* for defendant in error,

Cited *Hoy* v. *Taliaferro,* 8 S. & M. 727; *Glenn* v. *Thistle,* 1 Cushm. 42.

FISHER, J., delivered the opinion of the court.

This was an action in the Circuit Court of Yazoo county, to recover the amount of two promissory notes, made by the plaintiff in error to the defendant in error.

The defendant offered to prove on the trial, that the notes were given to secure the balance due on account of a tract of land, sold by the plaintiff to the defendant; that the plaintiff conveyed the

tract of land, with covenants of general warranty; that as to part of the tract he had no title at the time of the sale—had acquired none since—and that the land was in the adverse possession of another person, claiming and holding under a paramount title. And finally, that the land was worth ten dollars per acre.

The court, upon motion, excluded this evidence from the jury.

It is not necessary that we should decide the point argued by counsel; that where there has been an actual eviction as to part of the land, whether this will constitute a good defence to the action on the note, to recover the purchase-money. The objection to the defence in this action rests upon different grounds. It is not shown that the sale was made at ten dollars per acre for the whole tract, or that the land in the adverse possession of the third party, was so estimated by the parties in making the contract; but that it was worth ten dollars per acre at the time of the trial, or at the commencement of the suit. This may be true, and yet the plaintiff might not be liable for half that amount upon his covenant of warranty; for the obvious reason, that he may have sold to the defendant at a price greatly below the present value of the land. The safer rule, unquestionably, in this class of cases, where there is but a partial failure of consideration, or where the covenant of warranty is broken as to part only of the land, is, that the party should rely upon his covenant. To justify a departure from this rule, supposing that an eviction, or title paramount, and possession under it in another has been shown, the damages resulting from the breach of the covenant should be certain, and such as the party could recover in an action upon the covenant. The proof here does not make out such a case.

Judgment affirmed.