PATRICK *v.* LEACH and others.

(*Circuit Court, D. Nebraska.*   May 7, 1880.)

COVENANTS OF WARRANTY—DEFENCES.— In an action for breach of covenant of warranty, the defence that the covenant sued upon was a joint one, and that it was sued upon as several, can be made under an answer denying there is anything due.

DEED—STATEMENT OF CONSIDERATION.—The statement of the consideration in a deed is *prima facie* only, and may be rebutted.

SAME—ESTOPPEL—WASTE.—One who has given a deed of lands with covenants of warranty is estopped from denying that the grantee is the owner, and cannot complain of waste committed by such grantee.

WARRANTY—COVENANT—DAMAGES.—In an action for breach of covenant of warranty the measure of damages is the consideration money, with interest.

*J. M. Woolworth,* for plaintiff.

*J. C. Corwin* and *John D. Howe,* for defendants.

McCRARY, C. J.   Bill in equity seeking to recover judgment for damages of a covenant of warranty in a deed of real estate, and for an accounting, to the end that the sum recovered may be set off against a certain judgment held by defendant David Leach against plaintiff.

Defendant asks leave to amend his answer by alleging the following facts :

*First.* That the warranty deed upon which plaintiff sues was not the deed of David Leach alone, but the joint deed of David Leach and Jane E. Leach, his wife.   The latter is not joined.   The original answer is in effect a denial of the right of plaintiff to recover, and it is not necessary for defendant to plead specially that the covenant of warranty was joint, and not joint and several.

. The plaintiff must make out his case, and the defence now sought to be specially pleaded can be insisted upon under the pleadings as they stand.   If the plaintiff is not entitled to recover on the covenants in the deed sued on, when he comes to offer it in evidence that defence can be made.   It is not necessary to consider now whether the husband can be sued alone upon a covenant of warranty contained in a deed exe-

cuted by him, jointly with his wife, and for the conveyance of the wife's separate property. I hold that, if the proof shall show the facts to be as claimed, the defence can be made under the answer which claims that there is nothing due the plaintiff on the covenants sued on.

*Second.* Defendant asks leave to amend by plea only that the consideration for the deed sued on was only $2,000, and not $77,000, as alleged. The real consideration may be shown under the pleadings as they stand. The sum named in the consideration clause of the deed is only *prima facie*, and not binding on either party. Defendant may show that the consideration was less than the sum named. Rawle on Covenants, 258, 259.

*Third.* It is proposed to amend the answer by alleging that while the land conveyed by the warranty deed was in possession of plaintiff, under defendant's warranty deed, he committed waste upon the same. This, if shown, would constitute no defence to a suit to recover damages for breach of the covenant of warranty.

It is now well settled that the measure of damages in such a suit is the consideration money and interest, and that the recovery is not to be increased by an increase in the value of the land, nor diminished by a decrease in such value. The parties are to be regarded as having fixed the measure of damages when they agreed upon the value of the land at the time of the sale. Rawle on Covenants, 235, 236, 237, *et seq.*; 6 Wheat. 118. Besides, as between plaintiff and defendant Leach, the land was the plaintiff's, and he was at liberty to do as he pleased with it. He held it under warranty deed from defendant, who is estopped from saying that notwithstanding his conveyance he still owned or was interested in the land conveyed so as to be entitled to sue and recover for waste committed upon it.

The motion for leave to amend is overruled.