MARGARET WILLIAMSON *vs*. JOHN WILLIAMSON.

Oxford. Opinion November 24, 1880.

*Grantor and grantee. Estoppel. Covenant broken—damages in.*

The grantor cannot claim that his grantee should have recorded his deed in order to guard against a subsequent wrongful transfer of the same title to another by the grantor himself. Nor can he urge a defense, in an action of covenant broken, which starts with his own violation of the rights of his grantee, under whose will the plaintiff claims, and includes no other element except that and the results which flowed from it. The doctrine of estoppel applies.

Where the defendant in an action of covenant broken had notice of the pendency of the real action against the plaintiff, and was cited in under his covenant, but refused to defend, and judgment was for the plaintiff in such real action, the costs of that suit, the expense to which the present plaintiff was subjected in defending it, with interest from the time of payment, and the value of the premises at the date of eviction with interest therefrom, are the legal elements of damage.

ON REPORT.

COVENANT BROKEN.

The opinion states the case.

*Enoch Foster*, for the plaintiff, cited : 4 Kent Com. 9*, 471*, 472* ; *Bell* v. *Twilight*, 26 N. H. 401 ; *Blanchard* v. *Brooks*, 12 Pick, 47 ; *Loomis* v. *Bedel*, 11 N. H. 86 ; *Sweet* v. *Brown*, 12 Met. 177 ; *Kimball* v. *Blaisdell*, 5 N. H. 533 ; *Miller et als.* v. *Ewing*, 6 Cush. 40 ; *Coe* v. *Persons unknown*, 43 Maine, 436 ; 2 Wash. R. P. 660*, 667* ; *Curtis* v. *Deering*, 12 Maine, 499 ; *Hill* v. *Bacon*, 110 Mass. 388 ; *Cole* v. *Lee*, 30 Maine, 397 ; *Thayer* v. *Clemence*, 22 Pick. 494 ; 5 Am. Rep. 149 ; 1 Chit. Pl. 17*, 19*, 21* ; *Griffin* v. *Fairbrother*, 10 Maine, 91 ; *Wendell* v. *Abbott*, 43 N. H. 73 ; *Abbot* v. *Banfield, Idem*, 155 ; *Freeman* v. *Atwood*, 50 Maine, 474 ; *Crooker* v. *Jewell*, 29 Maine, 530 ; *Chase* v. *Weston*, 12 N. H. 413 ; *Wheeler* v. *Sohier*, 3 Cush. 222 ; *Russ* v. *Perry*. 49 N. H. 551 ; *Clark et al.* v. *Swift*, 3 Met. 392 ; *Ballard* v. *Child*, 34 Maine, 356, and many other authorities.

*Hammons*, for the defendant, contended that the action could not be maintained, but if it could, only nominal damages would follow.

The plaintiff's devisor lost his title some three years before his death and before he made his will. At that time he had no interest in the premises which he could devise or will. And no title nor interest in the premises passed to the plaintiff and the covenants in the defendant's deed did not pass to her. Her devisor was a mere tenant at sufferance after April, 1863. 4 Kent Com. 116 ; *Sanders* v. *Richardson*, 14 Pick. 522 ; *Kinsley* v. *Ames*, 2 Met. 29 ; *Hollis* v. *Pool*, 3 Met. 350 ; *Creech* v. *Crockett*, 5 Cush. 133 ; *Hamilton* v. *Cutts*, 4 Mass. 352 ; *Comings* v. *Little*, 24 Pick. 266.

The measure of damages is not the value of the land but the the value of the defendant's right, title and interest. *Coe* v. *Persons unknown*, 43 Maine, 432.

SYMONDS, J. On January 11, 1862, the defendant, holding a mortgage on a tract of land in Newry, which included the twelve acres to which this suit relates, gave a quitclaim deed of all his right, title and interest in and to the twelve acres to David Williamson, the plaintiff's husband and devisor, with the usual covenant to warrant and defend against all persons claiming by,

through or under him. This deed was not recorded till May 10, 1871.

On January 14, 1862, Reuben F. Eames and others, who. owned the equity of redemption, gave a warranty deed of the. same premises to the same David Williamson; the two deeds investing him at that time with full title to the twelve acres.

On January 21, 1863, the defendant, without mention of the release of the twelve acres, assigned the whole mortgage (proceedings to foreclose the same by publication, having been begun on April 20, 1860,) to Melicent J. Newton, from whom by mesne conveyances the interest of the mortgagee passed in 1868 to Robert G. Wiley, who on a writ of entry recovered judgment against this plaintiff and evicted her in 1878 from the twelve-acre lot, which she claimed to hold as devisee of her husband; such assignment of the whole mortgage to Melicent J. Newton, having been recorded on April 21, 1863, before the record of the quitclaim deed from the defendant to David Williamson, and being held effective, therefore, to convey, to one who had no notice of the earlier, unrecorded deed, the mortgagee's entire interest; in the twelve acres, as well as in the rest of the mortgaged tract. *Wiley* v. *Williamson,* 68 Maine, 71.

David Williamson, having remained in undisturbed possession of the twelve acres during his life, died in February, 1866. His will was approved in May, 1866, giving all his real estate to the plaintiff, so long as she remained his widow, her heirs and assigns. This qualified estate has never been terminated by a subsequent marriage, and for the present purpose may properly be treated as an estate in fee;—if the husband had such an estate to devise.

Having been evicted by a superior title, created by the defendant himself after his warranty contained in the quitclaim deed, the plaintiff brings this action of covenant broken.

I. On one branch of the case, it is claimed by the plaintiff that no legal foreclosure of the mortgage to the defendant is proved;—inasmuch as the only evidence of the contents of the notice of foreclosure, of the fact or manner of its publication, of the name of the newspaper in which the notice was given, or the

place or date of its issue, is the recorded certificate of one who signs as James Nutting, publisher of Bethel Courier;—without oath, or any official standing to give the certificate effect in evidence. R. S., c. 90, § 5.

The answer to this objection is, that the fact and the validity of the foreclosure are averred in both counts of the plaintiff's declaration. The plaintiff is not in position to deny what is claimed by the defendant and what her own pleadings assert. It cannot be known that other evidence of the publication of notice would not have been offered by the defendant, had the pleadings raised this issue. We shall, therefore, regard the foreclosure of the mortgage as complete in April, 1863, nearly three years before the death of David Williamson.

II. The defendant claims that the plaintiff cannot maintain this action, because she never had seizin of the twelve-acre lot; that by the earlier registration of the assignment of the mortgage to Newton, and the foreclosure, David Williamson in his lifetime had lost all title to the premises, nothing passed to the plaintiff by the will, and she has no right to invoke to her use or in her aid even the covenants which ran with the land;—in other words, that the plaintiff is a stranger to the title, to whom the obligation of the covenant does not extend.

The plaintiff has a clear title under her husband's will to this land, except for the wrongful act of the defendant in assigning his interest therein as mortgagee to a stranger, after he had once released it to the plaintiff's devisor. The eviction by superior title—that is to say, by a title which on account of earlier registry took precedence—which constitutes the breach of such a covenant to defend, occurred after the death of the husband, and was rendered possible by the defendant's assigning to Newton his entire interest as mortgagee, after he had released a part to David Williamson;—and by the foreclosure of the mortgage upon the whole mortgaged estate. During the husband's life, the covenant was not broken. He had till his death the full and quiet enjoyment of the estate.

If we assume the facts alleged in defence to be proved, the direct question is, whether the defendant can be heard to say, in

order to protect himself from the damages resulting from his breach of covenant, that by his own act during his grantee's life he created the superior title by which after the death of the grantee his devisee was evicted in violation of the covenant. This seems to be for the defendant to deny the plaintiff's seizin on grounds which impute his own wrong, and which rest solely for support upon the defendant's breach of covenant. The plaintiff's seizin, her interest in this covenant running with the land, and right to security of title under it as against the mortgage, are manifest, except to the extent to which effect, to deprive her of them, must be given to the wrongful act of the defendant. As to Wiley who held the mortgagee's interest by the elder record title, without notice of the release of the twelve acres from the lien of the mortgage, such effect must be given to the wrongful assignment; and thereby the plaintiff was evicted. But as to those in privity of interest with his grantee, whom he covenanted to defend against the mortgage, we think the defendant is not in position to claim the same result. This would be to ignore the wrong, or to treat it as valid and effective in the interest of the wrongdoer, and to give the defendant the same advantage resulting therefrom which Wiley derived only from the fact that he was an innocent purchaser for value without notice of a prior deed unrecorded. The defendant cannot claim that his grantee, the plaintiff's devisor, should have recorded his deed, in order to guard against a subsequent wrongful transfer of the same title to another by the defendant himself. He cannot urge a defence which starts with his own violation of the rights of his grantee under whose will the plaintiff claims, and includes no other element except that and the results which flowed from it. The doctrine of estoppel applies.

"Upon the question of damages, it has been argued that the grant or quitclaim being only of the right, title and interest of the defendant, the covenant to warrant and defend cannot be construed to extend beyond that, and that the damages therefore must be restrained to the value of the defendant's interest. . . . . . . . Such a construction of the covenant is not warranted by the language of it, or by the apparent

intention of the parties. The grantor engages to warrant and defend the premises against all lawful claims arising by, from or under him, and the term premises here refers to the lands described in the deed. He conveys his right to the lands, and agrees to warrant and defend them against his own acts, leaving the grantees to judge for themselves what title, if any, he formerly had in them." *Loomis* v. *Bedel*, 11 N. H. 86; see *Cole* v. *Lee*, 30 Maine, 397.

The defendant had notice of the pendency of the real action brought by Wiley against the present plaintiff, and was cited in under his covenant but refused to defend. The costs of that suit, the expense to which the plaintiff was subjected in defending it, with interest from the time of payment, and the value of the land,—which the plaintiff has lost by the injurious act of the defendant, resulting in the breach of his warranty to defend,— at the date of eviction with interest, are the legal elements of damage.

> *Defendant defaulted. Damages assessed at four hundred and seventy-three dollars and twenty seven cents, ($473.27,) with interest from May 31, 1878.*

APPLETON, C. J., WALTON, VIRGIN, PETERS and LIBBEY, JJ., concurred.