## JOHNSON v. McMULLIN.

### (January 22, 1889.)

##### VENDOR AND VENDEE—TIME OF THE ESSENCE—DAMAGES.

1. Where the vendee of land pays part of the price, and gives his notes for the balance, and by agreement the deed is left in escrow, to be delivered "when said notes are fully paid, with interest," time is not of the essence, and the vendor cannot, on non-payment of the notes, without returning them or notifying the vendee of his intention, rightfully repudiate the contract, and sell the land to a third person.

2. The vendee's measure of damages for such breach of the contract is the market value of the land at the time the deed ought to have been delivered, less the unpaid purchase price and interest.

3. The prices at which city lots were being bought and sold in the market at a given time were their proper market value at such time, and it is immaterial that there was then an unusual flurry in real estate in the city, and that hence the prices were "fictitious."

Error to district court.

Action by Emma McMullin against Iver Johnson for breach of a contract to convey land. Judgment for plaintiff, and defendant brings error.

*Bryan, Seevers & Stewart,* for plaintiff in error. *Donzelmann & Miller,* for defendant in error.

CORN, J. On the 24th day of May, 1886, the plaintiff (defendant in error) entered into the following agreement with the defendant, (plaintiff in error:) "Cheyenne, May 24, 1886. This day it is mutually agreed by the undersigned that the deed herein inclosed, from Iver Johnson to Emma McMullin, for block 370, in Cheyenne, Wyoming territory, sold to Emma McMullin by said Johnson for one

hundred and eighty dollars,—fifty, cash; one note, due three months after date, for fifty dollars; and one note, due six months from date, for eighty dollars,—payable to the order of Iver Johnson. When said notes are fully paid, with interest, the said deed shall be delivered to said Emma McMullin. IVER JOHNSON. EMMA McMULLIN." Plaintiff paid the fifty dollars, and executed her notes for the balance, as provided in the agreement, and delivered them to defendant. Defendant gave his receipt for them in the following form: "$50.00. Received of Emma McMullin fifty ($50.00) dollars, as purchase money and forfeit for block No. 370, in the city of Cheyenne, Wyoming territory; said block 370 being sold to said Emma McMullin for one hundred and eighty dollars on the following conditions: Fifty dollars cash to-day, May 24, 1886; fifty dollars on August 24, 1886, at one per cent. per month from date until paid; and eighty dollars on November 24, 1886, at one per cent. a month until paid,—the deed for said block to be made and executed to-day by Iver Johnson, of Cheyenne, Wyoming territory, to said Emma McMullin, and is to be left in escrow until the said fifty dollars and eighty dollars are paid, with interest as aforesaid, and then said deed to be delivered to said Emma McMullin. IVER JOHNSON. By J. W. BRUNER, his Agent."

The deed was made and deposited with J. W. Bruner, to be held in escrow. Neither of the notes was paid. About September 1st defendant gave plaintiff 30 days more time upon the first note. Bruner held the deed for two or three months after the maturity of the second note, and then turned it over to the defendant. Some time after the deed was returned to him defendant sold the block. About the 12th of the following April plaintiff went to defendant, offered to pay the notes and interest, and demanded the deed. Defendant refused to accept the money, and said that he had supposed that the contract was abandoned, and had sold the lots April 18th. H. Donzelman, as agent for plaintiff, went to defendant, and again offered to pay the amount due, and demanded the deed, and defendant made, in substance, the same reply. April 21st plaintiff brought this suit for damages. The case was tried by the court without a jury.

There are two questions in this case: *First.* Was the contract forfeited by plaintiff's failure to pay the notes when due? *Second.* If plaintiff was entitled to recover, did the court adopt the proper measure of damages in rendering its judgment?

The plaintiff ought to have paid the notes at maturity, under her contract, but it does not follow that time was of the essence of the contract. Time will not be held to be of the essence of the contract unless it clearly appears that such was the intention of the parties. By the terms of the agreement in this case the deed is to be delivered "when said notes are fully paid, with interest." A fair construction for both parties to this agreement is to construe it according to its express terms. If plaintiff failed to pay her notes at maturity, defendant had it in his power to tender the deed, and recover the amount of the notes by suit; or, upon the other hand, it was his right to deliver to plaintiff her notes, and declare a forfeiture of the contract, provided the contract provided for a forfeiture. He did neither, but retained the notes, and sold the property to a third party, leaving the contract in full force. This action not only does not constitute a forfeiture of the contract, but it shows no intention whatever upon the part of the defendant to rescind it. He simply proceeded upon the presumption that plaintiff would not undertake to enforce it. About April 12th, and again on April 18th, plaintiff offered to pay the amount due, and demanded the deed. Plaintiff's acts on these occasions do not constitute a tender, but the money was refused, not upon the ground that it was not properly tendered, or was not sufficient, but solely upon the ground that defendant had sold the property, and put it out of his power to comply with the demand. A technical tender, under such circumstances, could have availed nothing, and is not essential to plaintiff's right to recover. The proper measure of damages was the value of the property at the time the deed ought to have been delivered, less the amount of the purchase money due, which was the amount of the notes and interest. Hopkins v. Lee, 6 Wheat. 110; Gibbs v. Champion, 3 Ohio, 337. This is the reasonable rule, and the one sustained by the weight of authority.

In the case of the failure of a title, and

v.3wyo.—10

suit upon the warranty, the rule is manifestly different. In that case the purchaser has taken the title of his grantor, whatever it may have been. If the grantor had no title, the damages were sustained at the time of the payment of the purchase money, and they cannot be enhanced by any subsequent increase in the value of the property, and what the value of the property was at that time the parties themselves have fixed by their contract. Moreover, the grantor obtains no gain or advantage beyond the amount of the purchase money paid to him by the grantee, and he is liable only for that amount and interest. In the case of a contract to convey, the conditions are different. Under the rule as contended for by defendant, if the property diminished in value prior to the completion of the contract, the grantor might tender his deed, and recover the price agreed upon. If, upon the other hand, it increased in value, he might repudiate his contract, avail himself of the profits accruing by reason of the increase in price which the grantee had entitled himself to by his contract, and then free himself from liability by refunding the purchase money and interest; in other words, it would give to the grantor the right to repudiate or perform his contract at his pleasure. The court, trying the case without a jury, assessed the plaintiff's damages at $1,000, less $157.55, the amount of principal and interest due from plaintiff to defendant for purchase money. The evidence shows that about the time the plaintiff offered to pay the balance of the purchase money, and demanded a deed, there was a flurry in real estate in Cheyenne, and that the property was constantly rising in price at that time. Witnesses whose opportunities for knowing were ample, and whose testimony is uncontradicted, fix the value of the property at various sums, ranging from $600 to $2,000, from the 4th of April to the 21st of April. This court will not inquire whether, upon a consideration of the evidence, it would fix the value of the property at the precise sum in dollars and cents as found by the court. The finding of the court stands instead of the verdict of a jury, and the amount as found is not unreasonable or excessive, in view of the evidence. It is urged that these were "fictitious" values. All city values are in the same sense fictitious. It was not the

value for agricultural purposes, nor perhaps, indeed, for any other immediate use. But it is the sum for which the property was purchasable at the time, and it was not purchasable for less. It is the price at which purchasers having the best means of knowledge were willing to invest their money. This constitutes the market value, and it is in no proper sense a fictitious value. Judgment affirmed.