Rhea *et al. v.* Swain.

No. 13,935.

RHEA ET AL. *v.* SWAIN.

COVENANTS.—*Breach.—Measure of Damages.*—The measure of damages for breach of covenants of warranty is the amount of the purchase-money, with interest.

SAME.—*Rents and Profits.—Set-Off.*—In such case the defendants are not entitled to set off the rents and profits of the land and the value of timber taken from it by the plaintiff while the occupant before eviction, since they belong to the true owner of the land.

SAME.—*Rents and Profits.—Failure of Owner to Recover.*—The failure of the true owner, in the action for eviction, to obtain a judgment for the amount of the rent and value of the timber does not give the defendant title thereto.

From the Morgan Circuit Court.

*W. S. Shirley* and *W. R. Harrison,* for appellants.

*G. A. Adams, J. S. Newby, J. H. Jordan* and *O. Matthews,* for appellee.

OLDS, J.—The appellants conveyed to the appellee certain real estate by deed of general warranty. The appellee occupied the land a few years, when parties by the name of Shake made claim of title thereto, and the appellee and one Eli P. Shake commenced an action against Jacob Shake and others to quiet the title to the land, and notified the appellants of such action, and that the title to said land was disputed, and claimed by the defendants Shake, and others. The appellants appeared in said action, and filed a complaint, and contested the title to the land with the defendants in said action; issues were joined and trial had, resulting in a finding and judgment in favor of the defendants, Jacob Shake and others, that they were the owners of the land, and entitled to possession against both the appellants and appellee. The appellee then brought this action for breach of the covenants of warranty. To this action the appellants pleaded by

Rhea *et al. v.* Swain.

answer and cross-complaint, in which they allege, among other things, the fact that the appellee had occupied the land, its rental value, and that he had also cut and removed timber of the value of $100; and further alleged, in the cross-complaint, that the appellee, for the purpose of avoiding the payment of his notes, given for the balance of the purchase-money, conspired with Eli· P. Shake and brought the suit against Jacob Shake *et al.* to quiet title, and asked that the value of the rent and timber be set off against any sum found due the plaintiff. A motion was made to strike out the allegations in regard to the rent and conspiracy, and the motion was sustained, and this ruling of the court is assigned as error.

There was no error in this ruling; the measure of damages is the amount of the purchase-money, with interest, and the appellants were not entitled to set off the value of rent, or the timber cut and removed. The appellee was liable to the true owner for the rent and the timber. *Wilson* v. *Peelle*, 78 Ind. 384.

It is contended that in the former suit between appellants, appellee, and Shake and others, Shake, the owner of the land, sued for the rent, and failed to recover a judgment for the same, and that the appellee is relieved by the judgment in said cause from any liability for rent to the true owner; that the appellants in this case stand in the position of having paid the rents to the true owner, and, therefore, have the right to have the rents set off against any sum that may be due from the plaintiff. The transcript in the cause is not not properly endorsed, with marginal notes, as required by rule 19, but we have examined the record in said cause, as introduced in evidence, and we do not think there is anything in the record which changes the status of the parties, and makes the appellants the owners of the rent, or the real estate, or the timber taken therefrom, and entitling them to

set off the value of the same against any sum found due the appellee in this case.

There are no allegations controverting the fact that the defendants in the other suit were, in fact, the true owners of the land, and the allegations in regard to the conspiracy were immaterial, and there was no error in striking them out.

It is contended that the court erred in excluding the record, in the former case, when offered by the appellants in evidence; but the record was already in evidence, and no good would have been subserved by again putting it in evidence. It is also contended that the court erred in excluding the testimony of some witnesses relating to the rents of the real estate; in this there was no error. The rents were not properly a set-off, and the evidence relating thereto was properly excluded.

It is also contended that the court erred in giving and refusing instructions asked for by defendants. We have examined the instructions, and they correctly state the law of the case, and there was no error in refusing the instructions asked for by defendants and not given. We do not deem it necessary to set them out in the opinion.

It is further contended that the verdict of the jury is not sustained by the evidence, and that the damages assessed are excessive. It was contended by appellee that he paid for the land $1,800, as follows: $8 in corn, and notes on one Johnson for $992; which corn and notes were accepted as an absolute payment, or as a $1,000 cash payment, and gave his notes, secured by mortgage on the land, for $800 of a balance; while it was contended by appellants that the Johnson notes were taken as collateral, and that the appellants, before the commencement of this suit, had tendered back all they had received, and the jury found for the appellee, and returned a verdict for $1,000, and interest, amounting to $1,075.66. There is evidence tending to support the verdict.

Rhea *et al. v.* Swain.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed Nov. 27, 1889.

## On Petition for a Rehearing.

OLDS, J.—As is said in the original opinion, this is an action on covenants of warranty. In a suit against both the appellants and appellee, the true owner had recovered the land and evicted the appellee. In that suit the true owner had sued for rents and profits and failed to recover. In this suit the appellants sought to set off the rents and profits of the land and the value of timber taken from the land by the appellee while he occupied the same before eviction. This they could not do. The rents and profits and the timber belonged to the true owner of the land. The fact that the true owner of the land failed to recover his just dues in the former action, by obtaining a judgment for the amount of the rent and the value of the timber, did not give the appellants any title to the rent and value of the timber. It did not transfer the owner's title to the rent and value of the timber to the appellants, whereby they could set off the amount against the sum they owed the appellee. It is said the true reason the owner did not recover for the rents and profits is because he occupied another tract of land of equal value. Suppose he did. If he did not own such tract he would be liable to the true owner of such tract of land for the rent of it. Suppose the appellee had occupied the land and become liable for rents and profits to the true owner in an amount equal to the amount he paid for the land, and interest thereon, but the claim in favor of the owner for rent had been barred by the statute of limitations before the appellee brought this action for the breach of warranty, could appellants set off the amount of rent received by appellee, and for which he was no longer liable to pay to the true owner? Certainly

not, and yet there would be just as much reason in allowing such sum as a set-off as the sum sought to be set off in this case, which the true owner is barred from collecting of the appellee by reason of it having been once litigated in a suit between the true owner and the appellee. If the appellants had paid the rent to the true owner and paid him for the timber, and obtained an assignment of his claim, and then sought to set it up in this case as an off-set, it would present a different question.

It is urged with much earnestness that the case ought to be reversed for the reason that the appellee recovered the amount of the Johnson notes which appellants contend they only took as collateral security. The controversy in the trial of the case was as to whether the appellants accepted the notes as an absolute payment or as collateral security, and the jury found in favor of the appellee. We do not deem it necessary to set out the evidence in full bearing upon that issue. There is evidence to support the finding of the jury, and this court has so repeatedly held that it will not weigh the evidence where there is any evidence to support the verdict, or tending to support it, that it is unnecessary to cite authority, as almost any volume of the reports contains one or more decisions to that effect.

The case has been given full consideration and the record examined, notwithstanding the failure to properly enter marginal notes, and there is no error in the record for which the judgment should be reversed.

The petition for a rehearing is overruled.

Filed Feb. 26, 1890.