(March 1, 1909.)

## ADA' F. MADDEN, Respondent, v. THE CALDWELL LAND COMPANY, a Corporation, Appellant.

[100 Pac. 358.]

ACTION FOR DAMAGES—BREACH OF COVENANT OF WARRANTY—BREACH OF COVENANT FOR QUIET AND PEACEABLE POSSESSION—CONSTRUCTIVE FRAUD—MEASURE OF DAMAGES—ATTORNEY'S FEES.

1. Where a vendor has a good and fee simple title to a tract of land, and conveys the same to a purchaser by deed of warranty with full covenants, and thereafter deeds and conveys the same tract of land to another *bona fide* purchaser for value, and the subsequent purchaser places his deed of record in advance of the recording of the first deed, and thereby takes the paramount title, the acts and conduct of the vendor in executing and delivering the subsequent conveyance constitute and amount to constructive fraud within contemplation of law, although no actual fraudulent intent

existed in the mind of the grantor at the time of executing the subsequent conveyance.

2. Where the action of a vendor in reconveying property manifests a gross and culpable carelessness and negligence, and results in defeating the title of a prior vendee and his eviction from the premises, the law will impute to such vendor a fraudulent intent from the results of which it will not permit him to escape.

3. From the fact that a vendee of real property has failed to record his deed, and thereby lost the title and right of possession as against a subsequent vendee of the same property, his vendor cannot be heard to complain of his failure to record the conveyance as a protection against the vendor's subsequent wrongful acts committed in violation of the covenants of his deed.

4. Where a vendor having a good and perfect title conveys the property with covenants of warranty and for peaceable and quiet possession, and thereafter deeds the same property to another purchaser, and the latter places his deed of record prior to the recording of the first conveyance, and thereby takes the paramount title and right of possession, and the first vendee is evicted and sues his vendor for damages for breach of the covenants, the measure of damages to be adopted is the same as in cases where the vendor has contracted and agreed to convey, and thereafter, having good title and right to convey, declines and refuses so to do.

5. ID.—In such case the measure of damages to be applied is that of adequate compensation for the actual injury sustained, or, as it is sometimes expressed, "damages for loss of the bargain."

6. ID.—ID.—In such case the vendee whose title has been defeated by the wrongful acts of his vendor is entitled to recover such reasonable attorney's fees as were necessarily expended by him in an endeavor to sustain his title and right of possession.

7. *Held,* that under the facts of this case the evicted vendee is entitled to fix the amount of damages sustained as of the date of the eviction by the judgment of the district court.

(Syllabus by the court.)

APPEAL from the District Court of the Seventh Judicial District, for Canyon County.    Hon. Ed. L. Bryan, Judge.

Action of plaintiff for damages for breach of covenants of a deed of warranty.    Judgment for plaintiff and defendant appealed.    *Affirmed.*

Smith & Scatterday, and W. A. Stone, for Appellant.

In an action for a breach of the covenant of warranty, or quiet enjoyment where there has been a total loss of the land

to the grantee, the measure of damages in the absence of fraud is the consideration money paid, with interest. (Citing same authorities given in opinion.)

It is not necessary that there should be an actual dispossession of the grantee, nor is it necessary that a paramount title should have been established by a judgment, before the covenantee will be authorized to surrender the possession and sue his covenantor. (11 Cyc. 1127 (c); *McGary v. Hastings*, 39 Cal. 360, 2 Am. Rep. 456; *Harr v. Shaffer*, 52 W. Va. 207, 43 S. E. 89; *Meservey v. Snell*, 94 Ia. 222, 58 Am. St. 391, 62 N. W. 767; 3 Washburn on Real Property, pp. 506-512; 2 Sutherland on Damages, 3d ed., sec. 604; Rawle on Covenants, sec. 132; *Drew v. Towle*, 30 N. H. 531, 64 Am. Dec. 309 (313); *Green v. Irving*, 54 Miss. 450, 28 Am. Rep. 360 (369); *Morrow v. Baird*, 114 Tenn. 552, 86 S. W. 1080; *Merrill v. Suing*, 66 Neb. 404, 92 N. W. 618; *Prestwood v. McGowin*, 128 Ala. 267, 86 Am. St. 136, 29 So. 386; *Lowery v. Yawn*, 111 Ga. 61, 36 S. E. 294; *Hodges v. Latham*, 98 N. C. 239, 2 Am. St. 333, 3 S. E. 495.)

Plaintiff should not recover of this defendant the value of the improvements placed on the land after she became aware of an outstanding, paramount title. That was a matter to be adjusted between her and the owner of the paramount title. (11 Cyc. 1175 (c); *Willson v. Willson*, 25 N. H. 229, 57 Am. Dec. 320; *Pitcher v. Livingstone*, 4 Johns. 1, 4 Am. Dec. 229; *Phillips v. Smith*, 1 Car. Law Rep. 475, 6 Am. Dec. 542; *Backus' Admr. v. McCoy*, 3 Ohio, 211, 17 Am. Dec. 585.)

Griffiths & Griffiths, and Rice, Thompson & Buckner, for Respondent.

It was the duty of this defendant to inform itself, and know what property it owned and had the right to convey, and the failure to so inform itself, and therefore recklessly conveying property without knowing whether it does or does not own the same, is such gross negligence as to impute a fraudulent motive and render the defendant liable for all damages sustained by reason of such negligence in the con-

veying of property which it does not own. (*Shotwell v. Nicollet Nat. Bank*, 43 Minn. 389, 45 N. W. 842; *McBroom v. Rives*, 1 Stew. (Ala.) 72; *Conyers v. Graham*, 81 Ga. 615, 8 S. E. 521; *Kirby v. Ingersoll*, 1 Harr. (Mich.) 172; *Daniels v. Benedict*, 97 Fed. 367, 38 C. C. A. 592; *Henshaw v. Bissell*, 18 Wall. 255, 21 L. ed. 835.)

The appellant here can secure no advantage by reason of the fact that the deed it first issued was not recorded. (*Sicard v. Davis*, 6 Pet. 124, 8 L. ed. 342; *Goodenough v. Warren*, Fed. Cas. No. 5534, 5 Saw. 494; *Dravo v. Fabel*, 25 Fed. 116; *Landers v. Bolton*, 26 Cal. 393; sec. 3004, Rev. Stat. of Idaho.)

For the breach of a covenant or contract in this class of cases the measure of damages is universally held to be the value of the property or the value of the vendee's bargain, together with any special damages that can be shown as the direct result of such breach. (*Burdick v. Seymour*, 39 Iowa, 452; *Dalton v. Bowker*, 8 Nev. 190; *Vallentyne v. Imm. Land Co.*, 95 Minn. 195, 103 N. W. 1028; *Fleckten v. Spicer*, 63 Minn. 454, 65 N. W. 926; *Taylor v. Holter*, 1 Mont. 688; *Johnson v. McMullin*, 3 Wyo. 237, 21 Pac. 701, 4 L. R. A. 670; *Cade v. Brown*, 1 Wash. St. 401, 25 Pac. 457; *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.*, 31 Wash. 610, 72 Pac. 455; *Neppach v. Oregon & C. R. Co.*, 46 Or. 374, 80 Pac. 482; *Williams v. Hillman Inv. Co.*, 48 Wash. 695, 94 Pac. 653; *Smith v. Lander* (Tex. Civ. App.), 89 S. W. 19; *Whitworth v. Pool*, 29 Ky. Law Rep. 1104, 96 S. W. 880.)

AILSHIE, J.—This appeal is taken from a judgment and order denying a motion for a new trial. The action was commenced in the district court for Canyon county to recover damages from the defendant for breach of a covenant of warranty and quiet and peaceable possession contained in a deed of conveyance of real estate. On August 7, 1904, the plaintiff, Ada F. Madden, who is respondent in this court, purchased from appellant, the Caldwell Land Company, Ltd., a tract of land in the city of Caldwell, and paid the purchase price and received a warranty deed for the same. She

neglected to record this deed for some months thereafter. In the meantime, and on September 28, 1904, the land company sold the same tract of land to one I. S. Froman and received the purchase price and executed and delivered to him a warranty deed for the land. Froman immediately placed his deed on record. He thereafter commenced an action in ejectment against the respondent in this case, and on appeal to this court it was held that, having previously recorded his deed and having no notice of the conveyance to Miss Madden, he was entitled to a judgment of ouster against her. (*Froman v. Madden*, 13 Ida. 138, 88 Pac. 894.) The case was remanded, and thereafter the case came on for trial in the district court and judgment was entered in favor of Froman and against Madden, ousting and ejecting the latter from the premises. Madden thereafter commenced this action against her grantor, the land company, for damages on account of breach of the covenant of warranty and for quiet and peaceable possession. The covenants of the deed are as follows:

"And the said party of the first part, for itself and its successors and assigns, the said premises in the quiet and peaceable possession of the said party of the second part, her heirs and assigns, against the said party of the first part and its successors and assigns, and against all and every person or persons whomsoever, lawfully claiming, or to claim, the same, shall and will warrant and by these presents forever defend."

It is admitted by the land company that it is liable to the respondent in damages, and the only question that is controverted is that of the measure of damages to be allowed. It is contended by appellant that the measure of damages in an action for breach of covenant of warranty or quiet enjoyment, where there has been a total loss of the land to the grantee, is the consideration money paid with interest thereon. In support of this contention a great many authorities have been cited. (11 Cyc. 1169e (1); Rawle on Covenants, sec. 164; Sutherland on Damages, 3d ed., sec. 605; 4 Kent's Commentaries, sec. 477; Tiedeman on Real Property,

3d ed., sec. 625; *McGary v. Hastings,* 39 Cal. 360, 2 Am. Rep. 456; *Staats v. Ten Eyk's Exr.,* 3 Caines, 111, 2 Am. Dec. 254; *Pitcher v. Livingstone,* 4 Johns. 1, 4 Am. Dec. 229; *Greenvault v. Davis,* 4 Hill (N. Y.), 643; *Logan v. Moulder,* 1 Ark. 313, 33 Am. Dec. 338; *Collier v. Cowger,* 52 Ark. 322, 12 S. W. 702, 6 L. R. A. 107; *Taylor v. Wallace,* 20 Colo. 211, 37 Pac. 963; *Fernander v. Dunn,* 19 Ga. 497, 65 Am. Dec. 607; *Davis v. Smith,* 5 Ga. 274, 47 Am. Dec. 279; *Wood v. Kingston Coal Co.,* 48 Ill. 356, 95 Am. Dec. 554; *Rhea v. Swain,* 122 Ind. 272, 22 N. E. 1000, 23 N. E. 776; *Reese v. McQuilkin,* 7 Ind. 450; *Phillips v. Reichert,* 17 Ind. 120, 79 Am. Dec. 463; *Bellows v. Lichfield,* 83 Ia. 36, 48 N. W. 1062; *Herington v. Clark,* 60 Kan. 855, 55 Pac. 462; *Looney v. Reeves,* 5 Kan. App. 279, 48 Pac. 606; *Stebbins v. Wolf,* 33 Kan. 765, 7 Pac. 542; *Booker v. Bell,* 3 Bibb, 173, 6 Am. Dec. 641; *Cox v. Strode,* 2 Bibb, 273, 5 Am. Dec. 603; *Parkinson v. Woulds,* 125 Mich. 325, 84 N. W. 292; *Dubay v. Kelly,* 137 Mich. 345, 100 N. W. 677; *Cook v. Curtis,* 68 Mich. 611, 36 N. W. 692; *Devine v. Lewis,* 38 Minn. 24, 35 N. W. 711; *Lambert v. Estes,* 99 Mo. 604, 13 S. W. 284; *Reese v. Smith,* 12 Mo. 344; *Dickson v. Desire's Admr.,* 23 Mo. 151, 66 Am. Dec. 661; *Matheny v. Stewart,* 108 Mo. 73, 17 S. W. 1014; *Willson v. Willson,* 25 N. H. 229, 57 Am. Dec. 320; *Drew v. Towle,* 30 N. H. 531, 64 Am. Dec. 309; *Baxter v. Bradbury,* 20 Me. 260, 37 Am. Dec. 49; *Clark v. Parr,* 14 Ohio, 118, 45 Am. Dec. 529; *King v. Kerr's Admrs.,* 5 Ohio, 154, 22 Am. Dec. 777; *McGuffey v. Humes,* 85 Tenn. 26, 1 S. W. 506; *Elliott v. Thompson,* 4 Humph. 99, 40 Am. Dec. 630; *Shaw v. Wilkins' Admrs.,* 8 Humph. 647, 49 Am. Dec. 692; *Brown v. Hearon,* 66 Tex. 63, 17 S. W. 395; *Turner v. Miller,* 42 Tex. 418, 19 Am. Rep. 47; *Kempner v. Beaumont Lumber Co.,* 20 Tex. Civ. App. 307, 49 S. W. 412; *Henning v. Withers,* 3 Brev. (S. C.) 458, 6 Am. Dec. 589; *Bond v. Quattlebaum,* 1 McCord (S. C.), 584, 10 Am. Dec. 702; *Brooks v. Black,* 68 Miss. 161, 24 Am. St. 259, 8 So. 332, 11 L. R. A. 176; *Phipps v. Tarpley,* 31 Miss. 433; *Cheney v. Straube,* 35 Neb. 521, 53 N. W. 479; *Holmes v. Seaman,* 72 Neb. 300, 100 N. W. 417, 101 N. W. 1030; *McLennan v. Prentice,* 85

Wis. 427, 55 N. W. 764; *Daggett v. Reas*, 79 Wis. 60, 48 N. W. 127; *Hoffman v. Bosch*, 18 Nev. 360, 4 Pac. 703; *West Coast Mfg. & Inv. Co. v. West Coast Impr. Co.*, 31 Wash. 610, 72 Pac. 455; *Northern Pac. R. R. Co. v. Montgomery*, 86 Fed. 251, 30 C. C. A. 17; *Patrick v. Leach*, 2 Fed. 120, 1 McCrary, 250; *McMillan v. Ritchie*, 3 T. B. Mon. (Ky.) 348, 16 Am. Dec. 107.) The books disclose a diversity of opinion among the courts and text-writers as to the correct measure of damages to be adopted in cases of breach of warranty and failure of title and breaches of covenant for quiet and peaceable possession. Mr. Sedgwick in his work on Damages, page 209, after stating the general rule of damages in cases of breach of contract, adds the following:

"To this general rule, however, there undoubtedly exists an important exception, which has been introduced from the civil law, in regard to damages recoverable against a vendor of real estate, who fails to perform and convey the title. In these cases the line has been repeatedly drawn between parties acting in good faith and failing to perform because they could not make a title, and parties whose conduct is tainted with fraud or bad faith. In the former case, the plaintiff can only recover whatever money has been paid by him, with interest and expenses. In the latter, he is entitled to damages resulting from the loss of his bargain. This exception cannot, I think, be justified or explained on principle, but it is well settled in practice."

The foregoing is a very lucid and concise statement of the exceptions that seem to have been generally adopted. An examination of the later decisions, however, discloses a tendency on the part of many courts to depart from that exception and to criticise it as making an unauthorized and unjust discrimination in favor of a vendor who conveys without knowledge of the defects in his title and against his vendee under such circumstances. The damage sustained by the vendee is just as great and as real in a case where the vendor conveyed in ignorance of the real defects in his title as in a case where the vendor conveyed with fraudulent intent. The contract imports the same obligation, sanctity and solemnity,

so far as the vendee is concerned, in the one case as in the other. The rule is quite general, we think, that where one of two persons must suffer loss, that the loss should properly fall upon the one most culpable and who could most easily have avoided its consequences, and on whom the greater duty to discover the cause and defect rested. It seems self-evident to us that in case of a breach of a covenant of warranty, or a covenant for quiet and peaceable possession, the greater duty must of necessity rest upon the vendor to have discovered the condition of his title. It is likewise his duty to refrain from the commission of any act that would weaken, cloud or defeat the title. His contract forbids him doing anything that would have such an effect.

Mr. Sutherland, in his work on Damages, vol. 2, sec. 579, considers the conflict of American decisions on measure of damages, and says: "The doctrine of the American courts has been less liberal to the vendor"; and in giving the reasons for the change of rule, says: "The principal consideration given in support of the change of position is that there is no substantial difference in the injury resulting, where there is an ouster after conveyance with warranty, and where there is a refusal of conveyance in pursuance of the contract to convey, when the vendor is unable to make title, which can reasonably support a rule for damages in the former case wholly different from that which prevails in the latter case. The injury in both cases is the same—the loss of the property, the loss of such profit as would have been incident to increased value; the loss in both cases arising from the breach of the vendor's covenant on account of the defect in his title." In support of the text, the author cites *Drake v. Baker,* 34 N. J. L. 358, and *Seaver v. Hall,* 50 Neb. 878, 70 N. W. 373. (See, also, *Tracy v. Gunn,* 29 Kan. 508; 2 Warvelle on Vendors, sec. 936.)

As we view the present case, it is removed from the exception to the rule above considered, for the reason that the appellant was guilty of such gross negligence as to amount in law to constructive fraud. It must be conceded, and, we think, is admitted by all the parties to the action, that the

subsequent conveyance made in this case to Froman was not with any actual fraudulent intent. In other words, the conveyance was made carelessly and negligently. The officers who executed the subsequent deed seem to have overlooked the fact that they had previously conveyed the same tract of land, and for that reason it is fair to say that they did not make the conveyance with any actual wrongful or fraudulent purpose or intent. There are, however, transactions in which the carelessness and negligence is so gross and culpable that courts will not examine into the *actual* intent that was in the mind of the party at the time he acted, but will view the facts and circumstances that surrounded him at the time he acted and the facts of which he had knowledge, or should have had knowledge, and from such facts and circumstances will impute to him a fraudulent intent, from the results and effects of which the law will not permit him to escape.

As said by this court in *California Con. Min. Co. v. Manley*, 10 Ida. 786, 81 Pac. 50, ''It is the motive which the law imputes to him, irrespective of his actual intent'' that must control in such case. This is a case in which the facts differ from every case, with one exception, to which our attention has been called. Here the vendor at the time of making the conveyance to respondent Madden had a good, clear and fee simple title, and the deed of conveyance made and delivered to respondent was sufficient to transfer and convey the same title to the vendee. Every covenant, warranty and representation made in the deed was at the time true, and the deed contained no false or fraudulent representation so far as it referred to facts existing at the time of its delivery. The whole trouble arose from a subsequent act committed by the vendor. The vendee failed and neglected to record her deed of conveyance. This was no violation of the contract on her part nor of any provision of law. The deed as between the vendor and vendee was just as valid and binding against the vendor before recording as afterward. The vendor cannot excuse or justify himself for re-

conveying the land simply because a previous vendee has failed or neglected to record his deed.

As said by the supreme court of Maine in *Williamson v. Williamson*, 71 Me. 442: "The defendant cannot claim that his grantee, the plaintiff's devisor, should have recorded his deed in order to guard against a subsequent wrongful transfer of the same title to another by defendant himself. He cannot urge a defense which starts with his own violation of the rights of his grantee under whose will the plaintiff claims, and includes no other element except that, and the results which flow from it. The doctrine of estoppel applies." So it is here; the appellant cannot be heard to say to this respondent: "If you had recorded your deed, then my wrongful act in executing and delivering another deed to the same piece of property would have been futile and void and would not have injured you." Appellant had no right to execute any instrument that would in any way cloud or affect respondent's title, and to do so was a violation of appellant's covenants contained in the deed. (*West Coast Mfg. & Inv. Co. v. West Coast Impr. Co.*, 31 Wash. 610, 72 Pac. 455.) The breach complained of in this case consists in a violation of the covenant contained in the deed made by appellant to respondent, whereby it agreed to warrant and defend the "quiet and peaceable possession of the property in the vendee" against all its own acts and the acts of its "successors and assigns." Instead of appellant living up to that covenant and agreement contained in its deed, it proceeded to violate it, and executed a deed of conveyance to Froman, and Froman placed his deed of record, and, being an innocent purchaser for value, took the title. Not satisfied with this alone, the appellant, as shown by the record, paid Froman's attorney fees for prosecuting the action in ejectment against appellant's prior grantee, the respondent herein. The nearest approach to the facts of this case we have found is that in the case of *Curtis v. Deering*, 12 Me. 499. In that case the prior conveyance was a mortgage which, under the laws of that state, passed title, but it was not placed of record until after a subsequent deed was

recorded.   The court held that the measure of damages was the amount due on the mortgage.

*Wade v. Comstock,* 11 Ohio St. 71, presents a state of facts in some respects similar to the case at bar, and was decided subsequent to the decision in *Curtis v. Deering.* It was there held by the Ohio court that a subsequent conveyance by a grantor to an innocent purchaser was not a breach of a general covenant of warranty contained in the former conveyance.   It was held in that case that a "general warranty relates solely to the title as it was at the time the conveyance was made, and merely binds the grantor to protect the grantee and his assigns against a lawful and prior title existing before or at the date of the grant."   In support of this rule the English authorities are cited and also several early American cases. The case of *Curtis v. Deering* is reviewed by the court at some length, and attention is there called to the fact that the Maine court held that the later deed, by reason of being first recorded, in fact conveyed the elder title.   In the case at bar, however, counsel have not argued or contended that the cause of action in this case is not covered by and included within the general and special warranties contained in respondent's deed.   In the present case the vendor had good title, and by a subsequent wrongful act gave a paper title to another purchaser of the same premises, and thereby rendered it possible for the latter to acquire a paramount title through the medium of the recording laws.   In a case like this we have no doubt but that the measure of damages to be applied is that of adequate compensation for the actual injury, or, as it is sometimes expressed, "damages for the loss of the bargain."   The actual damages which the vendee has sustained by reason of the breach of the contract to warrant and defend the title and peaceable possession in the vendee is the amount to be recovered in this case. (*Valentyne v. Immigration Land Co.,* 95 Minn. 195, 103 N. W. 1028; *Johnson v. McMullen,* 3 Wyo. 237, 21 Pac. 701, 4 L. R. A. 670; *Cade v. Brown,* 1 Wash. 401, 25 Pac. 457; *Neppach v. Oregon & C. R. Co.,* 46 Or. 374, 80 Pac. 482; *Bur-*

*dick v. Seymour,* 39 Ia. 452; *Dalton v. Bowker,* 8 Nev. 190; 2 Warvelle on Vendors, sec. 936.)

But this determination as to the measure of damages to be applied in the case does not dispose of all the difficulties in this case. The next question strenuously urged by appellant is that the time at which this measure of damages should be applied should be established and fixed as the date on which respondent learned of the conveyance to Froman and the prior record of his deed. In other words, appellant insists that respondent was not justified in maintaining possession of this property and continuing to occupy and improve it after learning that there was a superior outstanding title in Froman, and with Froman at the same time actually claiming the property and demanding possession of the same. The respondent, on the other hand, insists that she had a right to remain in possession of the property until actually evicted by judgment of a court of competent jurisdiction, and that when an actual eviction took place, she had a right to maintain her action for breach of the covenants of her deed and to recover damages sustained up to the time of the actual eviction. In the solution of this inquiry it must be remembered that we are not here confronted with the question as to when the respondent's right of action accrued, or when, in other words, she might have in fact considered herself evicted and have quit the premises and maintained her action. That is not the condition confronting us. She was in possession of the premises at the time she learned of the Froman conveyance. She declined to surrender the possession until she was ordered to do so by judgment of the district court. The modern authorities are quite clear to the effect that she was not obliged to pursue her rights to this extent before maintaining her action for breach of the covenants, but had she quitted the premises prior to this eviction by judgment, she would have done so at the peril of thereafter proving the superiority of the adverse title that had been asserted against her by Froman. As said by the supreme court of Iowa, in *Funk v. Creswell et ux.,* 5 Ia. 67: "No distinction is made between voluntary retirement when

the paramount title is, and when it is not, asserted by judgment of a competent court, it being sufficient, either that the holder of such title has the right to obtain possession himself, or deprive the purchaser of it. The only difference is, that the covenantee retires at his peril, when there is no such judgment, and is required to prove that the adverse title was such that he would have been compelled to yield to it." (Rawle on Covenants, p. 289; 2 Sutherland on Damages, sec. 604; *Hamilton v. Cutts,* 4 Mass. 349, 3 Am. Dec. 222; *Drew v. Towle,* 30 N. H. 531, 64 Am. Dec. 309; *Merritt v. Morse,* 108 Mass. 276; *Sweetman v. Prince,* 26 N. Y. 233; *Green v. Irving,* 54 Miss. 450, 28 Am. Rep. 360.) So in this case the respondent might have retired when she first learned of the prior recording of Froman's deed and maintained her action against her grantor for breach of the deed. (*Green v. Irving,* 54 Miss. 450, 28 Am. Rep. 360.) In that case, however, she would have, as a general rule, been bound to prove that the adverse title asserted by Froman was in fact such that her deed and possession would have been overcome by it. The facts of this case might have relieved her from that necessity in this instance. There are many potent considerations, however, which would induce a purchaser in possession under such circumstances to maintain his possession until evicted by the judgment of a court of competent jurisdiction. In the first place, she had a right to rely upon the covenant of her deed. Again, she might have rightfully assumed that some mistake or error had been committed by her grantors and that it would be remedied or corrected. In this case the respondent's grantor did in fact write her saying that a mistake had been made and would be corrected. Again, she might have had reason to believe that Froman was not a *bona fide* purchaser for value and without notice. Had he not paid the purchase price he would not have been a *bona fide* purchaser within the meaning of that term. So, also, if he had had previous notice of respondent's conveyance.

We think there is no question but that respondent could not have maintained her action for breach of the covenants

until she first quit and surrendered up possession of the premises. In other words, she could not continue in possession of the premises and be defending an action of ejectment prosecuted by Froman, and at the same time maintain an action against her grantor for breach of the covenants of her deed. She chose to stand upon her rights and maintain her possession until she was evicted by the judgment of a court of competent jurisdiction. We think she is entitled to prove her damages as of that date, and that is what she has done in this case.

Appellant complains of the instruction of the court wherein he told the jury that if they found for plaintiff they might award damages for such reasonable attorney's fees as were necessarily expended in defending her title and right of possession against Froman, and the further instruction that they should allow such sum as would fully compensate her for the loss of the property and improvements at the time she was dispossessed. As before suggested, we think the measure of damages under the facts of this case should be the same as is usually adopted in cases where the vendor has agreed to convey, and still being able to convey a good title, he refuses to do so. In order, therefore, to compensate the vendee for the loss of her bargain, she would be entitled to have the improvements placed on the land considered in so far as they added to the value of the realty at the time of her eviction. Of course it would not be proper to allow her to compute the actual expense incurred by her in making improvements, as that might not be the true measure of the value such improvements have added to the realty. The true test should be the value of the property with whatever improvements have been placed on it at the time of the eviction. As to the question of the recovery of attorney's fees, there is a diversity of opinion, but we take it that the general rule, and that most consonant with reason and justice, is to allow the recovery of such reasonable attorney's fees as were necessarily incurred in an effort to defend the title. (2 Warvelle on Vendors, sec. 980; *Dalton v. Bowker*, 8 Nev. 190; *Taylor v. Holter*, 1 Mont. 688; *Levitzky v. Canning*, 33

Points Decided.

Cal. 299; *Harding v. Larkin*, 41 Ill. 413; *Robertson v. Lemon*, 2 Bush, 301; *Lane v. Fury*, 31 Ohio St. 574; *Keeler v. Wood*, 30 Vt. 242; *Smith v. Sprague*, 40 Vt. 43.)

The judgment will be affirmed, and it is so ordered. Costs awarded in favor of respondent.

Sullivan, C. J., and Stewart, J., concur.