[No. 84. Decided November 21, 1890.]

## E. B. CADE v. ROBERT BROWN.

### VENDOR AND VENDEE—BREACH OF CONTRACT—DAMAGES.

Where plaintiff, under a parol agreement to convey land, takes possession thereof, makes improvements, and purchases lumber for

26—1 WASH.

the purpose of erecting a house thereon, and the defendant subsequently conveys the land to another, the measure of damages in an action for breach of the contract is the value of the land at the time of the breach, less the price the plaintiff was to pay therefor, together with any special damages the plaintiff might prove in purchasing lumber to erect buildings on the premises.

Where an action for specific performance of contract cannot be had because of the inability of the defendant to convey, he having parted with the title, and the action cannot be maintained against his vendee, the plaintiff may maintain an action at law against defendant for damages for breach of the contract.

*Appeal from Superior Court, King County.*

Action for damages for breach of contract to convey certain lands, together with the amount expended by plaintiff in making improvements thereon. The jury returned a verdict for plaintiff for the sum of $175, being the value of plaintiff's improvements only. From the judgment on the verdict, plaintiff appeals to this court.

*Ronald & Piles*, for appellant.

*Jacobs & Jenner,* and *Lewis & Gilman*, for appellee.

The opinion of the court was delivered by

SCOTT, J.—Plaintiff claims he entered into a parol agreement with defendant for the purchase of a tract of land, being part of a larger tract owned by defendant. He also claims the defendant took him upon the premises, traced the boundaries of the land in question, and placed him in the possession thereof. That in pursuance of the agreement plaintiff kept possession of the premises and made valuable improvements thereon, with the knowledge and consent of defendant, and also purchased and placed upon the land certain lumber to be used by him in erecting a building thereon, which lumber subsequently became valueless to him through the breach of the defendant; and further, that he tendered full compliance with the contract upon his part. That the defendant refused to comply

therewith, and sold the land to another person.   Where-
upon plaintiff brought this action at law to recover his
damages.   Upon the trial, plaintiff asked the court to in-
struct the jury that the measure of damages he was entitled
to was the value of the land at the date of defendant's
breach of the contract, together with the amount expended
by plaintiff in making said improvements, less the pur-
chase price plaintiff was to pay for the land.   The court
refused to give the instructions, but directed the jury, if
they found for the plaintiff, to assess as his damages an
amount equal to the reasonable value of the improve-
ments made by him, to which plaintiff excepted.

It fairly appears from the whole case that the proof
tended to show the land had greatly increased in value,
and while the instructions asked by plaintiff were not cor-
rect in asking pay for his improvements in addition to the
value of the land at the time of the defendant's breach, as
the value of the land at that time would include the im-
provements made thereon, and would have resulted in giv-
ing plaintiff pay twice for his improvements, which was
properly refused, yet the instruction given by the court
was also erroneous. The measure of the damages was the
value of the land at the time of the breach, less the price
plaintiff was to pay therefor, together with any special
damages plaintiff might prove in purchasing lumber to
erect a building upon the premises, which could not be
considered an improvement before its erection.

It is urged by appellee that an action at law will not lie
in such a case. That the plaintiff's remedy, if he had any,
was an action for specific performance of the contract, it
not having been put in writing, and the purchase price not
having been actually paid, but only tendered by plaintiff
and refused by defendant; and that where a specific per-
formance cannot be had because of the inability of the
defendant to convey, he having previously parted with
the title, and where the action cannot be maintained

against the vendee by reason of his not having had actual notice of plaintiff's rights, or where the possession of plaintiff was not sufficiently open and notorious to be held a constructive notice, that the plaintiff would be without a remedy, although a specific enforcement in consequence of a part performance by plaintiff might have been decreed against the defendant had he retained the title. We think otherwise, and hold that in such a case an action at law for damages can be maintained.

The judgment is reversed, and the cause remanded.

STILES, HOYT and DUNBAR, JJ., concur.

ANDERS, C. J., not sitting.