WINSIDE STATE BANK V. TOM LOUND.

FILED OCTOBER 20, 1897.   No. 7481.

1. **Breach of Contract to Sell Notes:** DAMAGES: EVIDENCE. In an action for damages for breach by the vendor of a contract to sell promissory notes of a third person, it is not permissible to prove declarations of a stranger as to what he would be willing to give for the notes, such evidence not tending to prove value.

2. **Action for Breach of Contract:** CONSIDERATION: REMEDIES. In an action against the vendor for breach of contract to deliver, there is no distinction in principle as to whether or not the consideration has been paid. The vendee may, at his election, recover back the purchase price as for money had and received; but, if he sue for breach of contract, he is restricted in his recovery to the value of the thing bought at the time when and the place where it should have been delivered.

ERROR from the district court of Wayne county. Tried below before ROBINSON, J. *Reversed.*

*Carter & Brown,* for plaintiff in error.

References as to measure of damages: 1 Sutherland, Damages, [1st ed.], p. 173; *Aultman v. Stout*, 15 Neb., 586; *Everton v. Estgate*, 24 Neb., 235; *Robbins v. Packard*, 31 Vt., 570; *Potter v. Merchants Bank of Albany*, 28 N. Y., 641; *Sickles v. Dallas Centre Bank*, 81 Ia., 408; *Sadler v. Bean*, 37 Ia., 439; *Callanan v. Brown*, 31 Ia., 333; *Griffith v. Burden*, 35 Ia., 138; *Cropsey v. Averill*, 8 Neb., 151.

*Frank Fuller, contra.*

Citations: *Rose v. Lewis,* 10 Mich., 483; *Bickell v. Colton,* 41 Miss., 368; *Dimock v. United States Nat. Bank,* 25 Atl. Rep. [N. J.], 926.

IRVINE, C.

This action was brought by Lound against the Winside State Bank to recover for the refusal of the bank to transfer to Lound certain promissory notes amounting to $3,044.85, and made by William McKinsey, the plaintiff alleging that the bank had by contract in writing agreed to sell said notes to plaintiff in consideration of $1,000, which the plaintiff had paid. The bank, by its answer, denied the contract sued upon, and alleged that the money had been paid in pursuance of a contract different in character and not embracing the notes. The plaintiff, as the result of a jury trial, had judgment, which the defendant by these proceedings seeks to review.

Several assignments of error relate to the admission of a certain class of evidence affecting the amount of damages. While these assignments are not so specific as they should be, they nevertheless leave no doubt as to what group of rulings is attacked, and while they are directed to a group, all the rulings within that group are alike in character, so that if one is bad they all are. We think, therefore, that the admissibility of the evidence complained of is fairly presented by the assignments.

The plaintiff was permitted to testify that he had heard a man say that he would give fifty cents on the dollar for the notes in question. He further testified that he heard this statement several days before he bought the notes, and in cross-examination it developed that the statement was made by McKinsey's brother at a time when McKinsey was under arrest upon a charge growing out of the transaction of which the notes formed a part. The brother had further stated that his object was to secure McKinsey's liberation. All this evidence was received

over defendant's objection, and after the cross-examination the court refused to strike it out. It will be noted that it was not shown, or sought to be shown, that the notes had a market value of fifty cents on the dollar, or even that plaintiff had contracted to sell them at that price. It was not shown that he had been offered that price. The proof was merely that of a random statement by a third person to the effect that for a special purpose, wholly unconnected with any commercial use, he would be willing to pay so much. We realize that where the subject-matter of a sale has no definite and readily ascertainable market price, resort must often be had to evidence quite indirect in its nature to establish value. But the evidence here received was not merely indirect, it was immaterial to the issue, if not incompetent as being hearsay. Generally in such cases a contract actually made for a resale cannot be shown to prove general damages, and to recover special damages for the loss of such a contract, notice thereof must be brought home to the vendor. If such proof would have here been inadmissible, much more objectionable must be evidence of mere declarations of a stranger of what, for a special purpose, he would be willing to give, there being neither the opportunity nor the intention of then contracting. The value of the notes being an important element in fixing the damages the prejudicial character of this evidence is apparent.

As the case must be remanded to the district court for a new trial it is not inappropriate to now indicate our views upon another question presented by the record but not properly preserved for review because of a grouping in the motion for a new trial of certain correct instructions with that relating to the question referred to. The court told the jury, in effect, that in case it found for the plaintiff his measure of damages would be the value of the notes, but not less than the amount plaintiff had paid therefor, with interest from the time of payment. We think the latter part of this instruction was erroneous.

The general rule is that the measure of damages for the refusal of the vendor to deliver is the difference between the contract price and the market price at the time when, and the place where, delivery should have been made. While efforts have been made to distinguish cases where the consideration has been paid, and establish for them a different rule, we cannot see that any distinction exists in principle, and in either case the vendee should be placed where he would have been if performance had taken place.' The failure of courts drawing the distinction to agree upon the new rule to be established, and the logical frailty of rules announced for that purpose, sufficiently suggest the want of actual ground for the distinction, and the best considered cases deny its existence. 'Had the plaintiff not paid the purchase money its amount would figure only by way of a species of recoupment against the loss of the notes. He would recover only any excess of value over the unpaid purchase money, and this because the object of the law would be to give him just what he would have had if the bargain had been performed.    Where the money has been paid this object is accomplished by giving him the value of the thing sold, be that value greater or less than the purchase price. If the notes had been delivered and they were worth less than the contract price, plaintiff would have to suffer the loss; and this court has held that a rule of damages should not be announced whereby the plaintiff would receive greater compensation for the breach of a contract than he would have received through its performance. (*Bates v. Diamond Crystal Salt Co.*, 36 Neb., 900.) This must be sound law wherever as here the compensatory theory of damages prevails. In answer to this argument it is said that it is inequitable to permit the vendor to receive the purchase money and escape performance by paying a less amount by way of damages. The reply is that if such be inequitable the vendee may, if he choose, prevent such a result by suing for money had and received instead of counting upon the contract as one in

continued existence.   In other words, he may at his election sue for damages for the breach, or he may rescind and recover back his money.  (*Seaver v. Hall*, 50 Neb., 878.) The case cited concerned real estate, but we conceive the reason and the law to be the same with regard to personalty, and so it has been distinctly ruled.  (*Wells v. Abernethy*, 5 Conn., 222.)   In that case it was further said: "The consideration of the contract is never the rule for estimating the damages for the breach of an express agreement.   When, by reason of a failure on the part of one of the contracting parties, or other legal cause, the contract is rescinded, either absolutely, or at the election of the party injured, he may bring his suit for the consideration, and then it will be the measure of damages. But so long as the contract is open, and the action, as it necessarily must be, and as in this case it is, is brought upon it, the sum recoverable is the value of the thing stipulated, at the time when and the place where it should have been performed."   To the same effect see *Smethurst v. Wolston*, 5 W. & S. [Pa.], 106; *Rose's Executors v. Bozeman*, 41 Ala., 678; *Humphreysville Copper Co. v. Vermont Copper Mining Co.*, 33 Vt., 92.   The election referred to above is one for the plaintiff to make at or before the time he sues, and not for the jury to make for him after the evidence has developed what is the more to his advantage.

REVERSED AND REMANDED.