BEATY v. JOHNSTON.

Opinion delivered June 17, 1899.

1. CONTRACT—CONSTRUCTION—SET-OFF.—On March 15, 1894, the stockholders and directors of a gas company sold its plant for a fixed sum, payable in installments, the last to be due May 1, 1894. In addition, the purchaser was to give the vendors $5,000 in paid-up non-assessable stock of a new corporation he intended to organize. The vendors were to have the dividends accruing in the old company up to May 1, 1894, when the purchaser was to perform his part of the contract, and afterwards these dividends should go to him. The purchaser failed to pay the last installment when it fell due on May 1, 1894, but he paid it on March 15, 1895, after a decree had been had in the United States court against him foreclosing the vendor's lien. In a suit by the purchaser to recover the dividends accruing in the old company from May 1, 1894, to March 15, 1895, held, (1) That the purchaser was entitled to receive the dividends or net earnings during the period in question. (2) That such dividends were not payments upon the purchaser's debt, so that the right to recover them was not concluded by the judgment of

34

the federal court; and if they were proper ·set-offs in that court, the failure to use them as such did not create a forfeiture of the right to use them as a basis of recovery in another action. (3) That the vendors were entitled to set-off against such dividends the value of the paid-up stock in the new company which the purchaser agreed to convey to them. (Page 533.)

2. EVIDENCE—VALUE OF CORPORATE STOCK.—In determining the value of the corporate stock of a gas company, in a suit to recover damages for non-delivery thereof, there is no presumption that the face value of the stock is its real value, but such value may be shown by proof of its market value at the time and place of delivery, or, if it had no such market value, by proof of the value of the property and business of the corporation as compared with its liabilities at the time. (Page 533.) .

Cross Appeals from Sebastian County, Fort Smith District.

EDGAR E. BRYANT, Judge.

*H. C. Mechem* and *F. A. Youmans,* for appellant.

The court erred in holding that the decree in the federal court did not merge the contract to convey stock. 1 Freeman, Judg. §§ 215, 240; 1 Herman, Est. §§ 125, 222; 54 O. St. 214; 37 Ind. 264; 117 Ind. 315; 111 Pa. St. 99; 24 Minn. 4; 47 N. W. 151; 17 Conn. 420; 59 Mo. App. 26: 15 Ill. 420; 50 Miss. 391; 63 Ark. 259; 54 Conn. 253; 49 Ga. 585; 20 N. J. Law, 249. But the question of whether the contract was entire or severable was never before that court, and the question is not *res judicata.* 1 Herman, Est. § 129; 140 U. S. 254; 44 Oh. St. 497; 48 Pac. 569; 41 Cal. 278; 43 Cal. 311; 38 Am. St. Rep. 749; 38 N. Y. 65; 55 Ark. 565; 34 N. J. L. 420; 44 N. Y. 1; 60 Wis. 256. It was error for the court to instruct the jury that "stock is *prima facie* worth its face value." 4 Ark. 147; *id.* 534; 58 Ark. 108; 1 Sedg. Dam. §257; 12 Ill. 190; 3 Met. 196; 17 Wis. 328; 10 Ind. 20; 5 Oh. St. 186; 130 N. Y. 372. If the stock had no ascertainable market value, its real value should have been ascertained by its capacity to earn dividends, and by the relation of the assets to the liabilities of the corporation. 99 Mass. 349; 28 Mo. App. 450. Appellant was entitled to earnings from the date the sale was to go into effect under the terms of the contract. 7 N. H. 454; 83 Ga. 747; 3 Ex. Div. 24.

*Read & McDonough,* for appellees.

While in a sale *in praesenti* the dividends belong to the purchaser [Cook, Corp. § 539; 2 Thompson, Corp. § 2172], yet the parties can contract otherwise, and their intention will be effectuated. Cook, Corp. §§ 539, 541; 15 Cal. 21; 56 N. Y. 553; 11 R. T. 569; 13 R. I. 173; 53 Ark. 65; 23 Ark. 582; 3 Ark. 222. The question of the dividends and profits could have been pleaded in the former suit, and is now *res judicata.* 1 Herman, Est. § 125; 98 N. Y. 351; 45 N. E. 368; 85 N. Y. 427; 45 S. W. 67; 68 Mo. App. 637; 40 Atl. 1; 2 Black, Judg. § 754; 34 Me. 63; 56 Am. Dec. 631; 27 S. E. 560; 14 Ind. App. 223; 52 Ia. 654; 21 Am. & Eng. Enc. Law, 206, 208, 211; 7 Wall. 613; 37 Ind. 264. It makes no difference that the judgment was by default. 41 Mich. 90; 60 N. W. 803; 69 N. W. 908; 58 Kas. 745; 21 N. Y. Supp. 133, 284; 75 N. Y. 150; 25 Ill. App. 245; 66 N. Y. 385; 114 Pa. St. 387; 35 Vt. 530; 21 Minn. 515; 28 Fed. 505. On a default the plaintiff has a right to prove the amount due. 25 Ark. 36; 45 Ind. 14; 1 Heisk. 442; 39 N. J. Law, 195; 14 Ark. 220. The presumption is that the court's adjudication of the amount was made on evidence. 2 Bush (Ky.), 169; 20 O. St. 315. If the contract is indivisible, appellant can not recover on the dividends without delivering the shares of stock. 43 Ark. 185; 34 Neb. 450; 38 Ark. 111; 4 Ark. 577. But the contract was divisible,—at least as to the new stock. 62 N. W. 352; 58 Pac. 164; 40 Pac. 409; Clark, Cont. 657–661; 2 Cush. 290; 2 Met. 370; 5 Allen, 4; 55 Mo. App. 389. If not originally divisible, the parties have made the contract so by their actions. 27 Atl. 960; 37 N. E. 105; 1 Herman, Est. 40, 44; 6 Ore. 258; 82 Mass. 208; 26 N. J. L. 284; 15 Wis. 107; 1 Herman, Est. 40. The matter of the stock is not *res judicata.* 11 Ark. 666; Black, Judg. §§ 620–621; 44 Pac. 401; 22 S. E. 889; 17 Atl. 473; 104 Ill. 369; 72 Fed. 147; 13 Barb. 160; Clark, Cont. 706; 7 L. R. A. 576. The federal court decided that the contract was severable, and appellant's acquiescence in that decree binds him. 84 Ala. 508; S. C. 5 Am. St. Rep. 387; 25 N. E. 292; 30 S. E. 154. The measure of damages for the non-delivery of the stock was, *prima facie,* its face value. 12 Atl. 743; 1 Cook, Corp. § 581, p. 786, note 2; 2 Suth. Dam. § 659.

BUNN, C. J.   This is a suit by appellant, Beaty, against appellees, W. J. Johnston and other stockholders and directors of the Fort Smith Gas Light Company, for the sum of $9,885.81, less credits, leaving a balance of $5,028.83, being the amount of dividénds or net earnings of said company from the 1st of May, 1894, until the 15th of March, 1895, which the defendants h'ad collected and appropriated to their own use.   Defendants answered, setting up an off-set about equal to the amount claimed by the plaintiff.   Verdict for defendants, and, on motion by plaintiff for new trial, court required a remittitur by defendants, so that the allowed claims of both were substantially equal, and both parties appealed.

On March 15, 1894, the appellees, stockholders and direc-. tors of the Fort Smith Gas Light Company, a corporation, bargained and sold their plant to appellant for the sum of $76,657.50, to be paid in installments as follows, to-wit: $5,000 on the 28th of March, 1894; $15,000 on the 15th of April, 1894, and the balance, $56,657.50, on the 1st of May, 1894.   In addition, Beaty was to give them $5,000 in paid-up non-assessable stock of a new corporation he intended to organize, to be known as the Fort Smith & Van Buren Railway Power & Light Company.

Appellant paid the first and second instalments when due, but failed to pay the third installment of $56,657.50 on the 1st of May, 1894, when the same was due, and also failed to deliver to appellees the $5,000 stock in the new company; and they on the 28th of July instituted suit against him in the circuit court of the United States for the Fort Smith district, for said balance and the value of said paid up non-assessable stock, and obtained decree against him for the said balance of $56,657.50, with six per cent. per annum interest from the 1st of May, 1894, to the 15th of March, 1895, on which last day appellant paid the same in full satisfaction of said decree. The court, as to the $5,000 stock, held, in effect, that the contract under which it should have been issued and delivered was divisible, and that this part was not considered, but left to future controversy between the parties.   No appeal was taken from this ruling by either party, and both parties are therefore bound by this decision of the United States court as to this.

Afterwards appellant Beaty brought this suit against appellees, for the dividends or net earnings, less credits, of the old corporation from the 1st of May, 1894, to the 15th of March, 1895, amounting as stated, to the sum of $5,028.82, and the appellees answered, denying the right of appellant to said dividends or net earnings, and pleading *res judicata* as to same, and pleading the value of said $5,000 stock, which appellant had failed to deliver to them, as a set-off. Replying to this, the appellant pleaded *res judicata* as to this $5,000 stock, claiming that it had been or should have been determined in the suit in the United States court. Thus were formed the issues in this case.

The dividends or net earnings of the old corporation from the 1st of May, 1894, to the 15th of March, 1895, were not payments upon the appellant's debt sued for in the United States court, as was the case in *Warner* v. *George*, 58 Fed. Rep. 435, cited by appellees, and if they were proper set-offs, or might have been used as such, the failure to use them in said suit as such did not create a forfeiture of them as a debt against appellees in behalf of appellant. See Sand. & H. Dig. § 5728. This controversy over the dividends grew out of that part of the contract of sale and purchase of the old corporation which, in substance, provided that the vendors shall have the dividends accruing up to the 1st of May, 1894, when the vendee was to have paid the purchase money in full, and performed other parts of his contract; and afterwards these dividends should go to him. Appellees contend that appellant was entitled to no dividends until he had performed his contract, and thereby became the owner in fact of the corporate plant, stock, franchise and so forth, which he did not become until the 15th of March, 1895. On the other hand, appellant contends that appellees were entitled to no dividends after the 1st of May, 1894, but were only entitled to their debt and interest, which were adjudged against him in the federal court, and all of which he at once paid. In this we think the appellant was correct.

The appellees' set-off of $5,000, the face value of the stock which appellant failed to deliver to them, although obliged to do so, as a part of the consideration of the purchase of the old plant, was properly pleaded, and was a proper set-off, to the

extent of its value; for it was eliminated from the federal court proceeding expressly by the rulings of that court, from which no appeal has been taken. But the manner of ascertaining the value of said stock was erroneous. Proof should have been made by the appellees of its market value on the 1st of May, 1894, when it should have been delivered; and legal interest allowed on this valuation from that day. Or, if it had no market value at that time, then the value should have been proved by showing the value of the property and business of the corporation as compared with its liabilities at the time. 2 Cook, Corporations, § 581.

The contention of appellees that this value is, *prima facie*, the face value of the stock, and therefore in this case was $5,000, and that the burden was on appellant to show that its value was less than that sum, is sustained by some authorities, as in the *Appeal of Harris* (Pa.), 12 Atl. Rep. 743. But the question was not discussed in that case, and the weight of authorities seems to be the other way. The corporation here involved was not a banking institution, and there is no presumption that its paper, its certificates and obligations of any kind were worth dollar for dollar, as may be, and as seems to be, the case with banking institutions, where there is no question of insolvency.

The doctrine of *Barnes* v. *Brown*, 130 N. Y. 372, and other cases cited by appellant's counsel in their brief fully sustains his contention, we think. It follows that the value of the stock on the 1st of May, 1894, was not ascertained, and the set-off therefore was not properly sustained. Said value should have been shown, as indicated above, by the appellees.

For this error, the judgment is reversed and remanded. In other respects the judgment of the court below is in all things affirmed.

Reversed and remanded.

Wood and Riddick, JJ., did not participate.