[No. 4440.    Decided April 24, 1903.]

WEST COAST MANUFACTURING AND INVESTMENT COM-
PANY, *Appellant*, v. WEST COAST IMPROVEMENT COM-
PANY, *Respondent.*

COVENANT OF WARRANTY — LOSS OF PART OF LAND — ACTION FOR
BREACH — MEASURE OF DAMAGES.

The measure of damages for breach of a covenant of war-
ranty, where title has failed to part of the tract conveyed, is
such proportion of the consideration paid as the value of that
part of the land to which the title has failed bears to the value
of the whole tract, together with interest on such proportion.

SAME — CONDITIONS OF CONTRACT OF SALE — MERGER IN DEED.

In determining the purchase price of land with a view to fix-
ing the measure of damages upon a breach of warranty, the
value of improvements placed upon the land by the grantee
cannot be included, although the contract for a conveyance was
conditioned upon the erection of the improvement and the pay-
ment of the money consideration, inasmuch as such preliminary
contract had become merged in the deed upon which the action
was founded.

Appeal from Superior Court, King County.—Hon. WIL-
LIAM R. BELL, Judge.    Affirmed.

*James Kiefer,* for appellant.

*Piles, Donworth & Howe,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This case arises out of a conveyance made
by respondent to appellant on August 13, 1890, for a tract
of land in Ballard, King county, consisting of a narrow
strip of upland and a large piece of tide land; the propor-
tions being substantially one-fifteenth upland and four-
teen-fifteenths tide land.    The contract of sale was made
November 13, 1889, and recites that the respondent agrees

to convey to the appellant the tract described in the deed, for the consideration of $750 in money, upon condition that the appellant commence work on or before December 1, 1889, and on or before April 1, 1890, have in operation a mill upon the tract in question. In 1894 the tide land described in the deed was platted and appraised by the state of Washington and offered for sale, and on June 26, 1895, the appellant purchased from the state of Washington the said tide land at a cost of $1,522.72, the appraised value. The purchase of this tide land at the price above indicated is alleged in the complaint. The consideration mentioned in the deed is the sum of $750. A demurrer was interposed to the complaint, which was sustained, and the action dismissed on the ground that the complaint did not state facts sufficient to constitute a cause of action. From a judgment of dismissal, defendant appealed, and the judgment of the superior court was reversed. 25 Wash. 627 (66 Pac. 97). In reversing the case this court held that the assertion by the state of a paramount title constituted a breach of the covenant of warranty under the circumstances shown by the complaint, but did not pass on the question of the measure of damages. After the return of the cause to the superior court, the defendant answered, plaintiff replied, and the cause was tried before a jury. The trial court ruled out most of the testimony offered by the defendant, and instructed the jury to return a verdict for the amount claimed in the complaint, with interest, without leaving the jury box. The jury thereupon returned a verdict in accordance with the instructions of the court for $2,131.50. Defendant duly moved that the verdict be set aside and a new trial granted. The court, after consideration, made an order setting the verdict aside and granting a new trial; and from this order plaintiff has ap-

pealed, alleging that the court erred in granting the new trial.

The case presents the single question of what is the measure of plaintiff's recovery. The court adopted the theory that the measure of damages was the amount paid the state to acquire its title, with interest from the date of payment; and it is insisted by the appellant that this was the correct rule, and that the court therefore erred in granting a new trial. Passing by the first proposition discussed by the respondent, viz., that, where a trial court sets aside a verdict and grants a new trial generally, the order granting a new trial will not be reversed unless the trial court has abused its discretion, we think it advisable to determine in this cause the proper measure of damages, to prevent the necessity of another appeal on that question. It is insisted by the appellant that this question has been passed upon by this court in *Cade v. Brown,* 1 Wash. 401 (25 Pac. 457), where the measure of damages in an action for breach of a contract was held to be the value of the land at the time of the breach, less the price plaintiff was to pay therefor, together with any special damages the plaintiff might prove in purchasing lumber to erect the buildings on the premises. But it will be observed that in that case the grantor had been guilty of fraud, and purposely disabled himself from complying with his contract by subsequently conveying the land to another after the value of the land had increased; thereby fraudulently attempting to deprive the purchaser of the fruits of his contract. However, that case is not in point here, where the failure of title to a part of the land is not through any fault of the grantor. That this court did not attempt to adopt the rule that the measure of damages is the value of the land at the time of the breach is plainly shown by the

decision in *Morgan v. Bell,* 3 Wash. 554 (28 Pac. 925, 16 L. R. A. 614), where it was held that the measure of damages for the breach of a contract for the conveyance of land which the party contracting to convey did not own was whatever amount had been paid him on the contract, with interest thereon from the date of payment. The decisions on this question were examined and analyzed in *Morgan v. Bell,* and the rule therein announced was adopted as the one which seemed to be most in consonance with equity and fair dealing and the conditions surrounding this country. There, in speaking of the rule that the measure of damages should be the value of the land at the time of the breach, it was said:

"If such a rule were adopted in this western country, where what is cheap agricultural or farming land one year is valuable city property the next, and where the laws, by reason of the formative condition of the state, are unsettled and unadjudicated, a conveyance of land would be a perilous transaction which a prudent man might well hesitate to engage in."

There are some cases, notably from the New England states, which hold to the rule contended for by appellant. Mr. Rawle in his work on Covenants (5th ed.), § 164, after noticing the cases holding to this rule, observes, "the cases which support the opposite rule are much more numerous," and states that "the rule that the measure of damages on the covenants for quiet enjoyment and of warranty is limited by the consideration money and interest may be said to be now settled law in the states of New Hampshire, New York, New Jersey, Pennsylvania, Virginia, Ohio, North Carolina, South Carolina, Georgia, Kentucky, Indiana, Tennessee, Arkansas, Missouri, Iowa, Wisconsin, Maryland, Nevada, Nebraska, Montana, Texas,

Kansas, Dakota, and California," and that "such a rule has also been adopted by the supreme court of the United States;" citing *Hopkins v. Lee,* 6 Wheat. 118. The cases cited by the respondent, viz., *Collier v. Cowger,* 52 Ark. 322 (12 S. W. 702, 6 L. R. A. 107); *Cheney v. Straube,* 35 Neb. 521 (53 N. W. 479); *Cox's Adm'rs. v. Henry,* 32 Pa. St. 18; *Foote v. Burnet,* 10 Ohio, 317 (36 Am. Dec. 90), and *Brady v. Spurck,* 27 Ill. 478, all sustain this rule. The respondent asked the court to instruct the jury that, if they found for the plaintiff, the amount of their findings was to be ascertained as follows: They were to determine the relative value of the tract of land to which the title had not failed, compared with the value of the tract of land to which the title had failed, as that value existed at the time of the conveyance from defendant to plaintiff, and, having ascertained that, they were to consider the amount paid as a consideration for the whole conveyance; that they were to determine the actual consideration paid for the parcel of land to which the title had failed by taking such proportion of the whole consideration paid as the relative value of the parcel to which the title had failed bore at that time to the whole parcel; and that their verdict should be for the amount of consideration paid for the parcel to which the title had failed, ascertained as before stated, with interest on that amount up to the present time; but that in no event could their verdict exceed the amount of the purchase price. This instruction, which we think was a proper statement of the law and should have been given to the jury, was denied. In *Major v. Dunnavant,* 25 Ill. 262, it was held that, when the title fails to a part of the land sold for a gross sum, the measure of damages for a

breach of the covenant of warranty is such a proportion of the consideration paid as the value of that part of the land to which the title has failed bears to the value of the whole land and interest on such proportion. In *Mischke v. Baughn,* 52 Iowa, 528 (3 N. W. 543), it was held that in an action for a breach of warranty in a deed of an entire lot, brought by a subsequent grantee of a portion only of such lot, he was entitled to recover only such proportion of the consideration money and interest as his proportion of the lot bore to the entire lot; that the burden of proof as to what that proportion was, was upon plaintiff; and that, there being no proof upon such point, it was error to allow him to recover the consideration paid for the entire lot. To the same effect is *Dimmick v. Lockwood,* 10 Wend. 142. This rule, it seems to us, is in consonance with right. In ascertaining damages in the case of failure of title, the same general rules ought to apply as in any other case where damages are sought; that is to say, the whole transaction should be taken into consideration, and only such damages allowed as are actually suffered.

As to the contention of the appellant that, under the terms of its contract, it constructed a mill on the land, we think this was properly disposed of by the court on the ground that the contract had become merged in the deed. It was for the jury to say, under all the circumstances of the case, whether the appellant had actually incurred any damages, considering the whole transaction, and, if so, what those damages were, limited by the rule which we have announced, that the measure of damages would be the amount paid for the land obtained by the state, not exceeding the amount of the original purchase price, and further limited by the relative values of the land to which

the title failed and the land to which the title did not fail.
The judgment is affirmed.

FULLERTON, C. J., and MOUNT, and ANDERS, JJ., con-
cur.