[No. 4676.　Decided February 29, 1904.]

RUSSELL G. BELDEN, *Respondent,* v. S. S. KROM, *Appellant.*[1]

SALES—FAILURE OF VENDOR TO DELIVER—MEASURE OF DAMAGES.
Upon a sale of personal property and payment of the purchase
price, the measure of damages for failure of the vendor to de-
liver the property is its market value at the time of the de-
fault.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered December 26, 1902, upon
findings in favor of the plaintiff for $1,475 damages for
breach of contract, after a trial before the court, a jury
being waived. Affirmed.

*E. M. Heyburn,* for appellant.

*Crow & Williams,* for respondent.

MOUNT, J.—This action was brought by the plaintiff to
recover from defendant the value of certain stock which
defendant sold and agreed to deliver to plaintiff's assignor.
Plaintiff had judgment below, and defendant appeals.
Upon the trial the court found, that on August 16, 1902,
for a valuable consideration then and there paid by one
Worth Belden, defendant sold and agreed to deliver to
said Belden certain shares of the capital stock of the New
Century Drug Company; that Worth Belden subsequently
assigned the said agreement to the plaintiff, who demanded
the said stock, and defendant refused to deliver the same;
that the value of the stock at the time of the contract, and
when demand therefor was made, was $1,475. Judgment
was thereupon entered against defendant for that amount.

But one question is presented on this appeal, and that

1Reported in 75 Pac. 636.

is the measure of plaintiff's damages. Appellant contends that the measure of damages is the consideration paid, together with such special damages as are shown. This is the rule adopted by this court in reference to the sale of real estate where there is a breach of covenants of warranty, as in *Morgan v. Bell,* 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614, and *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.,* 31 Wash. 610, 72 Pac. 455. But where there is a sale of personal property, and payment of the purchase price, and thereafter a refusal by the vendor to deliver the property, the measure of damages is the market value of the property at the time of default. 24 Am. & Eng. Enc. Law (2d ed.), 1150; 2 Sutherland, Damages (2d ed.), §§ 651-656; 2 Sedgwick, Damages (8th ed.), §§ 734-736; *Saunders v. U. S. Marble Co.,* 25 Wash. 475, 65 Pac. 782. This rule was adopted by the lower court.

The judgment is therefore affirmed.

FULLERTON, C. J., and HADLEY and ANDERS, JJ., concur.