[No. 8206.  Department One.  January 4, 1910.]

FRANK L. CROSBY, *Respondent*, v. U. G. WYNKOOP *et al.*,
*Appellants.*[1]

VENDOR AND PURCHASER—TITLE OF VENDOR—SUFFICIENCY.  A con-
tract to furnish "a good title shown by abstract," is not performed,
and the vendee is not compelled to accept the title, where the vendors
claimed under a deed from certain persons claiming to be heirs of
another, who died many years ago without administration on her
estate, and there was nothing of record to show who were her heirs
at law except the *ex parte* affidavit of her husband.

SAME—CONTRACT—PERFORMANCE—FAILURE OF TITLE.  Upon failure
of the vendors to make a title good, under a contract of sale pro-
viding that if the title is not good or cannot be made good in ten
days the contract shall be null and void and all payments made re-
funded, the purchaser is entitled to a return of purchase money, but
cannot recover damages for breach of contract to convey.

SAME—FAILURE OF TITLE—MEASURE OF DAMAGES.  The measure of
damages for breach of a contract of sale by reason of failure of
the vendor's title, is the purchase price paid with interest, where
the vendor acted in good faith and without intentional fault.

Appeal from a judgment of the superior court for Pierce
county, Clifford, J., entered January 5, 1909, upon the ver-
dict of a jury rendered in favor of the plaintiff, for $1,000,
in an action on contract. Reversed and a new trial ordered
unless $900 is remitted.

*Walter M. Harvey*, for appellants.
*Loveday, Kelley & McMillan*, for respondent.

RUDKIN, C. J.—This action was instituted to recover dam-
ages for a breach of the following contract of sale:

"Received from Frank L. Crosby the sum of One Hundred
Dollars ($100), as earnest money, and part payment for the
following described premises, situate in the county of Pierce,
state of Washington to wit:  The Southeast quarter (SE¼)
of the Northeast quarter (NE¼), and the South half (S½)

[1]Reported in 106 Pac. 175.

of the Northeast quarter (NE¼) of the Northeast quarter
(NE¼) of Section Twenty-two (22) in Township Twenty-
one (21) North of Range three (3) East of the Willamette
Meridian, containing (60) acres of land this day sold to
the said Frank L. Crosby, for the sum of Six Thousand Dol-
lars ($6,000), the balance of Fifty-nine Hundred Dollars
($5900) to be paid as follows: The sum of Two Thousand
Nine Hundred and Fifty Dollars on or before twenty days
from this date, and Two Thousand Nine Hundred and fifty
dollars on or before one year from this date. Deferred pay-
ments to bear interest at 6 per cent per annum until paid,
and upon full settlement as stated above, I agree to deliver
a bond for deed, conveying good title free from all encum-
brances, as shown by a complete abstract of title, certified by
a responsible abstracter, to be furnished by me, on or before
ten days from this date, and to be examined by the said pur-
chaser within ten days thereafter. If said abstract does not
show such title, or cannot be made to do so within ten days
from notice of defects, then this agreement to be void, and
all payments hereunder shall be refunded. Otherwise, if the
said purchaser refuses to complete the purchase in accord-
ance with the terms hereof, all payments made shall be for-
feited as commissions and compensation for examining prop-
erty, abstract, and papers; but such forfeiture shall not im-
pair the right of either party to pursue the usual remedies
for breach of this contract."

From a judgment in favor of the plaintiff in the sum of
$1,000, the present appeal is prosecuted.

There is little controversy over what we deem the material
facts. Within ten days after the execution of the contract,
the vendors delivered to the purchaser a complete abstract of
title certified by a competent abstracter. This abstract did
not show good title in the vendors, nor could the title be made
good within ten days from notice of defects. The land was
originally patented to John Meeker, as the head of a family
consisting of himself, his wife Elizabeth, and a daughter
Margaret, pursuant to the sixth article of the treaty con-
cluded on the 26th day of December, 1854, between Governor
Stevens and the chiefs, headmen and delegates of certain In-
dian tribes, including the Puyallups. The appellants claim

title under a deed from John Meeker and certain persons. claiming to be the heirs of Elizabeth Meeker, his wife, who died many years ago. There was no administration upon the estate of Elizabeth Meeker, and nothing of record to show that the appellants' grantors were the heirs at law, or all the heirs at law, of Elizabeth Meeker, deceased, except an *ex parte* affidavit filed for record in the office of the county auditor, entitled, "Jerry Meeker to the Public." Under this state of facts the appellants may have had a good title in fact, but they did not have such a title as they agreed to convey; namely, a good title shown by abstract, and the respondent was not bound to accept it. *George v. Conhaim,* 38 Minn. 338; *Horn v. Butler,* 39 Minn. 515; *Howe v. Coates,* 97 Minn. 385, 107 N. W. 397, 114 Am. St. 723, 4 L. R. A. (N. S.) 1170; *Brown v. Widen* (Iowa), 103 N. W. 158; *Smith v. Taylor,* 82 Cal. 533, 23 Pac. 217; *Boas v. Farrington,* 85 Cal. 535, 24 Pac. 787.

As the respondent was under no obligation to accept the title tendered, he is entitled to recover the $100 paid on the purchase price, with legal interest, unless he waived strict performance of the contract, and upon that issue the jury found in his favor. Aside from a return of the purchase money paid with interest, we do not think the respondent is entitled to recover for the loss of his bargain for two reasons. In the first place, the contract itself provides that if the title is not good and cannot be made good, within ten days from notice of defects, the agreement to convey shall be null and void, and the purchase money refunded. Under the admitted facts in this case the record title was not good and could not be made good, and therefore, by the express terms of the contract between the parties, the agreement to convey became null and void and no action would lie for its breach.

Again, this court held, after full consideration, in *Morgan v. Bell,* 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614, that in actions of this kind, where the vendor acts in good faith and the failure of title arises from no intentional fault or wrong

on his part, the measure of damages is the purchase money paid with interest, or nominal damages where no payments have been made.   That case was followed and approved in *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.*, 31 Wash. 610, 72 Pac. 455, and *Babcock, Cornish & Co. v. Urquhart*, 53 Wash. 168, 101 Pac. 713, and has become the settled law of this jurisdiction.   We deem it unnecessary to refer to the numerous errors assigned in the appellants' brief, further than to say that incompetent testimony was admitted and erroneous instructions given, but we do not think that these errors were prejudicial in so far as the right of the respondent to recover the purchase money paid is concerned.

The judgment will therefore be reversed, with directions to grant a new trial unless the respondent will remit from the judgment all sums in excess of $100, and interest, together with costs in the court below, within thirty days after filing the remittitur there.   The appellants will recover their costs in this court.

FULLERTON, CHADWICK, GOSE, and MORRIS, JJ., concur.