DETERMINED IN THE

# SUPREME COURT

OF

# WASHINGTON

[No. 11150. Department One. February 6, 1914.]

WILLIAM W. SEYMOUR, *Appellant*, v. JOSEPH L. JAFFE, *Respondent*.[1]

VENDOR AND PURCHASER—CONTRACT—BREACH BY VENDOR—FAILURE OF TITLE—MEASURE OF DAMAGES. The measure of damages, on breach of a contract to convey land through failure of title, is the purchase money and taxes paid, with interest, where the vendor acted in good faith; having stated that the land belonged to an estate and believing that he had authority from his mother, brothers and sisters to enter into the contract, and in good faith endeavored to have it performed.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered February 17, 1913, upon findings in favor of the defendant, in an action on contract, tried to the court. Affirmed.

*T. L. Stiles*, for appellant.

*C. H. Winders*, for respondent.

MAIN, J.—The purpose of this action was to recover damages for breach of a contract to convey real estate, and to recover certain sums paid upon the purchase price, and for taxes.

Prior to September 7, 1907, Louis Jaffe died testate, seized of certain real estate. He left surviving him his wife, Johanna Jaffe, who was named as executrix of his will, and eight children, one of whom is the defendant, Joseph L. Jaffe. On or

[1]Reported in 138 Pac. 276.

about the date above mentioned, the plaintiff, through an agent, sought to purchase this real estate from the defendant. The agent was advised by the defendant that the property belonged to his father's estate; but, believing that he had authority from his mother and brothers and sisters to contract for the sale thereof, on that date the defendant contracted in writing, for a consideration of $1,800, to sell and convey to the plaintiff, by a good and sufficient deed, free and clear of all encumbrances and taxes, the property. The plaintiff paid to the defendant upon the purchase price the sum of $300. It was understood that a deed for the premises should be procured as soon as practicable. The will of Louis Jaffe had not at this time been admitted to probate.

Thereafter the defendant procured from Johanna Jaffe, who was executrix, a deed to the premises, and tendered it to the plaintiff, who refused to accept the same.

Thereafter the will was admitted to probate, and the estate duly administered and settled. A final decree of distribution was entered on November 13, 1909, wherein it was adjudged that the real estate was the community property of the deceased and Johanna Jaffe, his wife; that she was the owner of an undivided one-half thereof, as her community interest, and as devisee was entitled to have, hold, and enjoy the remaining half thereof during her natural life, subject to the payment of a certain life annuity in the sum of $100.

Thereupon, the defendant procured from Johanna Jaffe a deed, in her own name, for the premises, in which he himself joined, and in good faith endeavored to procure the execution of a deed by the other children, but they refused to join in the conveyance. The annuitant was still living and the annuity was not extinguished. The defendant tendered this deed to the plaintiff, which was refused as not complying with the contract.

The plaintiff at all times was ready, able, and willing to pay the balance of the purchase price for the premises. In accordance with the terms of the contract, he paid the taxes

upon the real estate for the years 1907, 1908, 1909, and 1910, amounting to $230.78. On the date of the contract, the premises were heavily timbered, having thereon about six million feet of merchantable timber, of the then value of about $3,-200.

The cause was tried to the court without a jury. The court, in substance, found the facts as stated, and thereupon concluded that the plaintiff was entitled to recover the amounts paid on the purchase price and for taxes, with interest thereon, and costs, but was not entitled to any sum for the loss of his bargain through the defendant's failure to convey the land. Judgment was accordingly entered for the total sum of $667.92. The plaintiff has appealed, claiming that, from the findings made, it appears that he has suffered damage in the sum of $1,400 for the loss of his bargain, and that he is therefore entitled to a judgment in the sum of $2,067.92.

The cause is here to be considered upon the findings of fact and the judgment. No statement of facts has been filed in this court. The sole question is whether the appellant is entitled to recover, in addition to the sums paid on the purchase price and for taxes, with interest, damages on account of the loss of his bargain.

By repeated decisions, it has become the settled doctrine of this court that, where a person contracts to sell real property and is unable to make the conveyance through failure of title, the measure of damages is the purchase money paid, with interest, or nominal damages where no payments have been made; provided that such vendor acts in good faith in the transaction, and without intentional fault or wrongdoing. *Morgan v. Bell*, 3 Wash. 554, 28 Pac. 925, 16 L. R. A. 614; *West Coast Mfg. & Inv. Co. v. West Coast Imp. Co.*, 31 Wash. 610, 72 Pac. 455; *Babcock, Cornish & Co. v. Urquhart*, 53 Wash. 168, 101 Pac. 713; *Crosby v. Wynkoop*, 56 Wash. 475, 106 Pac. 175.

In the present case, it is apparent that the respondent acted in good faith, both in entering into the contract and in

endeavoring to have it performed.    There is no showing of intentional fault or wrongdoing.    We think the case falls within the rule announced in the cases cited.

The judgment will be affirmed.

CROW, C. J., CHADWICK, ELLIS, and GOSE, JJ., concur.