MAX KATLEMAN, APPELLEE, V. LEON'S, INC., APPELLANT.

FILED APRIL 10, 1923. No. 22282.

**Corporations:** BREACH OF CONTRACT: MEASURE OF DAMAGES. In an action to recover damages for breach of a contract to issue and deliver corporate stock, the measure of recovery is the value of the stock at the time of the breach.

APPEAL from the district court for Lancaster county: WILLARD E. STEWART, JUDGE. *Reversed, with directions.*

*Peterson & Devoe, Lambert, Shotwell & Shotwell* and *Arthur Rosenblum,* for appellant.

*T. S. Allen* and *Reese & Stout, contra.*

Heard before LETTON, ROSE, DAY and GOOD, JJ.

GOOD, J.

Plaintiff brought this action against the defendant to recover damages for breach of contract. Two causes of action were pleaded. For his first cause of action, plaintiff alleged that he had an oral agreement with the Benway Furniture Company, whereby the said company had agreed to lease to him, for a period of ten years, space for a storeroom at 1039 O street, in the city of Lincoln; that, with the consent of said company and before said lease was reduced to writing, he assigned and transferred the same to the defendant, and that the said Benway Furniture Company, in pursuance of said assignment, executed the lease to the defendant; that, in consideration of said assignment of lease or agreement to lease by plaintiff to defendant, it was to open and operate on the leased premises a store for the sale of men's hats and furnishings, and was to deliver to plaintiff, when the store was opened, $5,000 of the par value of the corporate stock of the defendant company, and was to employ plaintiff as manager of said store at a salary of $175 a month. He alleged the opening of the store on April 18, 1919, the refusal and failure of defendant to transfer the corporate stock, and that its value was $7,000. For his second cause of action, plaintiff alleged that he acted as manager of defendant's store from

the 18th of April, 1919, to the 31st of August, 1919;
that defendant had paid to him on his salary the sum
of $753.50, and that there was still due and unpaid on
salary the sum of $205.50.

The defendant admitted that it leased the premises
from the Benway Furniture Company for a period of ten
years, but denied that any lease, or agreement for a
lease, was ever assigned or transferred by plaintiff to
defendant, or that plaintiff ever had any lease or agree-
ment for a lease, to the demised premises, or that it had
agreed to issue any of its corporate stock to plaintiff.
Defendant admitted the employment of plaintiff as
manager of the store and admitted that it had paid him
the sum alleged by him, but denied any agreement to pay
him $175 a month, and that anything was due the
plaintiff.

Plaintiff in his reply alleged that defendant received
the lease from the Benway Furniture Company, pursuant
to the agreement with plaintiff, and retained the same,
and that the value of said lease was $15,000, and denied
all other allegations in the answer.

The trial resulted in a verdict for plaintiff in the sum
of $5,721.10 on the first cause of action, and $205.50 on
the second cause of action, making a total of $5,926.60.
Judgment was entered on the verdict, and defendant has
appealed.

Defendant asserts that the evidence is insufficient to
establish any consideration for the alleged contract be-
tween plaintiff and defendant, wherein it is charged that
defendant was to issue to plaintiff stock in the de-
fendant corporation of the par value of $5,000, and that
the evidence does not sustain the verdict of the jury on
the first cause of action. The record discloses that
about the middle of February, 1919, plaintiff began
negotiations with the Benway Furniture Company, with
a view to leasing floor space at 1039 O street for a
storeroom. Plaintiff was informed by Mr. Lloyd, man-
ager for the Benway Company, that it had space for

rent and would be willing to lease upon certain requirements, among which were that the character of the business to be operated must be a line which would not conflict with any line that was sold by the Benway Company, and that he would also have to be satisfied as to the financial responsibility of the person or persons to whom lease was made, and, if the lessees were not financially responsible personally, that he would expect a bond to be given for the payment of the rent, or the signature of some person on the lease who was financially responsible and acceptable.

It appears that plaintiff had not sufficient capital to open and operate the proposed store alone, but he told Mr. Lloyd that he expected to interest some relatives with him, and from whom he expected financial backing. He also mentioned the name of a brother-in-law, whom he might procure as surety, and requested Mr. Lloyd to hold the matter open until the following Friday, which would be the 21st of February. Mr. Lloyd informed plaintiff that other persons were negotiating for the floor space, but that he would hold the matter open until the following Friday. The plaintiff did not again see Mr. Lloyd, of the Benway Furniture Company, until after that time. In the meantime plaintiff had seen his relatives and was not able to interest them with him in the business. On Saturday, the 22d of February, plaintiff called up Sam J. Leon, of Omaha, who was an officer and stockholder of the defendant, and talked with him concerning the establishment of a store for the sale of men's hats and furnishings in Lincoln, and at his solicitation Mr. Leon, together with his brother, Mark, came to Lincoln on Sunday, the 23d of February, and they had a conference at that time with the plaintiff. Plaintiff says that he informed them of the floor space that could be leased, being 11 feet by 50 feet, for $125 a month, and that possibly a wider space could be had and perhaps a longer time than five years might be obtained. He suggested to the Leons that they go into

partnership with him, and that they open up a store together. He testifies that they refused to entertain the partnership idea, but said that, if the location was desirable, they would rent it, open a store and put him in as manager, and would issue to him $5,000 of the capital stock of the defendant corporation. The Leons testify that they declined the partnership proposal, but told plaintiff, if the location was satisfactory, they would lease it, open a store, and give him a position as manager; and they state that plaintiff assented to this. Plaintiff then called Mr. Lloyd on the telephone and arranged for a conference between the four for that afternoon. The record discloses that the location was examined and the two Leons and the plaintiff, together with Mr. Lloyd, discussed the matter; that Mr. Lloyd informed the plaintiff that he had not come back by Friday as he had agreed to do, and that he was negotiating with other persons for the lease of the premises. The conference finally resulted in an agreement that defendant would lease a space 18 feet wide by 51 feet long, including corresponding basement underneath, for ten years at a rental of $250 a month. During these negotiations Mr. Lloyd inquired of the plaintiff what his status was to be, and one of the Leons spoke up and said that plaintiff was to be in charge of the store as manager. The lease was subsequently reduced to writing and was signed by the parties thereto March 4, 1919. This, in brief, states the facts concerning the alleged lease or agreement for lease between the plaintiff and defendant.

From the record it does not appear that any definite arrangement had ever been reached between plaintiff and the Benway Company for a lease, nothing but a tentative proposition, on the one side, which had never been accepted by the other. The minds of the two parties never met. It follows that plaintiff had nothing which he could assign or transfer to the defendant. There was no consideration for the contract between plaintiff and defendant, if made as contended by plaintiff. If this

action, instead of being one to recover for the agreed price of the assignment of a lease or contract for a lease, had been one for the recovery of compensation for services rendered in procuring a lease from the Benway Company to defendant, a different situation would be presented.

There is another reason why plaintiff was not entitled to recover upon the first cause of action. It is a well-settled rule of law that the measure of recovery in an action for damages for failure to issue and deliver corporate stock is the value of the stock at the time of the breach. *Winside State Bank v. Lound*, 52 Neb. 469; *Pinkerton v. Manchester & L. R. Co.*, 42 N. H. 424; *Beaty v. Johnston*, 66 Ark. 529; *Roder v Niles*, 61 Ind. App. 4; *Belden v. Krom*, 34 Wash. 184.

The alleged contract provided that the stock should be issued when the store was opened for business. The record shows that the store was opened on the 18th day of April, 1919, and if the contract was entered into, as contended by plaintiff, this would be the date when he was entitled to have the stock issued and delivered to him, and the breach of the contract must have occurred at that time. The measure of recovery would have been the value of the stock on that date. There is no evidence in the record of the value of the stock at that time, and the only evidence of the value of the stock at any time is the testimony of plaintiff. He testified that, at the conference in Lincoln on February 23, Mark Leon said the stock was worth $100 a share.

For the reasons given, the district court should have sustained defendant's motion to direct a verdict for it on the first cause of action, because the evidence is insufficient to sustain a verdict for plaintiff on that cause of action. There are numerous other assignments of error, but we deem it unnecessary to consider them in this opinion, as we think they are not likely to occur upon a subsequent trial of the case.

Defendant makes no complaint against the verdict

upon the second cause of action. The judgment entered below was one in gross for the amount of the recovery allowed on the two causes of action.

The judgment of the district court is reversed and the cause remanded, with directions to the district court to enter judgment for plaintiff on the second cause of action in the sum of $205.50, and awarding the defendant a new trial upon the first cause of action.

REVERSED.